## H. C. MORROW V. ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY.

### No. 6847.

1. **Abutting Lot Owner—Damages.** — In an action for damages against a railway company for constructing a switch line along a street it was proper to charge the jury, "In estimating the damages you will not take into consideration either the benefits or injuries to plaintiff's property which he may receive in common with the community generally where said property is situated, resulting from operating the road, and not peculiar to him and connected with his ownership and enjoyment of said property." 63 Texas, 467.

2. **Injury to Land Prior to Ownership by Plaintiff.** — In suit for damages to the lots it was not error in the court to exclude from consideration by the jury such damages if any as resulted from the grant by the city of the right to use the street made prior to the acquisition of the land by the plaintiff.

APPEAL from Grayson. Tried below before Hon. H. O. Head.

This suit was instituted by appellant to recover damages to his property on East Street, in the city of Sherman, caused by the construction of a side track or switch along said street by appellee. The appellant in his petition alleged that said track was negligently constructed; that it excluded him from the use of the street and deprived him of the means of ingress and egress to and from his lot; that the track was used for storing cars and engines, and that the noise, smoke, danger of fire, etc., depreciated the value of his property; and that all these facts together rendered his lot worthless, laying his damages at $2000. The defense was a general denial and a special plea denying any damage to appellant's property, and setting up that the track complained of was built under authority of the city of Sherman, granted prior to appellant's purchase of the lot. The case was tried before a jury and resulted in a verdict for $127.33⅓. A new trial asked for by appellant having been refused, he has brought the case to this court by appeal.

*W. W. Wilkins,* for appellant, cited Railway v. Bock, 63 Texas, 245; Railway v. Fuller, 63 Texas, 467; Railway v. Eddins, 60 Texas, 656; Williams v. Railway, 1 Ct. App. C. C., sec. 312; Graves v. Railway, 1 Ct. App. C. C., sec. 579; 3 Suth. on Dam., 436, 437; 2 Wood Ry. Law, 906; Mills on Em. Dom., secs. 162, 163.

*Bryant & Dillard,* for appellee, cited Rev. Stats., art. 4195; Railway v. Ritter, 1 Ct. App. C. C., sec. 277; Railway v. Fuller, 63 Texas, 467; Railway v. Matthews, 60 Texas, 215; Railway v. Elam, 1 Ct. App. C. C., sec. 445; Railway v. Clifton, 2 Ct. App. C. C., sec. 489; 3 Suth. on Dam., 449; Pierce on Railways, 213, 214; Railway v. Gardner, 13 N. E. Rep., 69; 2 Mills on Em. Dom., 2 ed., sec 174.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover damages caused by the construction of a side track upon a street in the city of Sherman upon which a lot owned by him abutted. Upon the verdict of a jury judgment was rendered in favor of the plaintiff for $127.33⅓.

The appellant complains of the following charge which was given by the court: "In estimating the amount of the damage, if you find in favor of plaintiff, you will not take into consideration either the benefits or the injuries to plaintiff's said property which he may receive or sustain in common with the community generally where said property is situated, which results from the construction and operation of the defendant's railway, and which are not peculiar to him and connected with his ownership, use, and enjoyment of the said property."

For reasons fully explained in the case of the Gulf, Colorado & Santa Fe Railway Company v. Fuller (63 Texas, 467), we think the charge was correct.

The only other assignment is upon the following charge of the court: "If you find from the evidence that the plaintiff owned the land described in his petition, and that defendant constructed and is operating a switch of its railway track along East Street adjacent thereto, and that from this the said land while so owned by plaintiff has been depreciated in value, you will find in favor of plaintiff damages to be measured by the amount of such depreciation, which would be the difference, if any, between the market value of said land just before the construction of said switch and just after its construction; * * * but plaintiff would not be entitled to recover for any depreciation that may have resulted to said land before he purchased it, from the city of Sherman having granted to the defendant the right to construct its track along said street, nor for any acts done by defendant in pursuance of such grant prior to plaintiff's said purchase."

We can see no objection to the charge. It was proper for the jury in estimating the damage to consider all the facts affecting the lot on account of the construction and use of the switch as prescribed by the charge first referred to. We think the case was sufficiently and correctly presented to the jury by the charges given. At any rate, if the plaintiff desired additional instructions he should have requested them.

The judgment is affirmed.

*Affirmed.*

Delivered June 16, 1891.