### PARKER COUNTY v. JOHN L. JACKSON.

#### No. 850.

1. **Special Judge of County Court—Appointment by Consent.—** No legislation is needed to put in force that part of the amended judiciary article of the Constitution (General Laws 1891, page 201) providing, that when the judge of the County Court is disqualified in any case, the parties interested may by consent appoint a proper person to try such case. Such appointment is valid, and the amended Constitution makes no provision for the transfer of a case to the District Court because of disqualification of the county judge.

2. **Damages—Measure of, in Opening or Changing Public Road.** Where a third class public road through a person's land is changed to the second class, the measure of the damages caused thereby is the value of the additional land taken, and the depreciation in value, if any, caused to the remainder of the land by the change.

3. **Same — Evidence in such Cases.—** In arriving at such depreciation in value, evidence is admissible of everything in that connection tending to increase or diminish the value of the land, such as the cost of any increased fencing made necessary by the change, and the like; but such elements of damage are neither the measure of the damages, nor are they allowable as specific items of damage.

4. **Same — Benefits and Injuries in Common with Public. —** The benefits and injuries which the owner of the land taken for a public road receives and sustains in common with the community generally, and not peculiar to that tract, should not be considered in arriving at the damage to the land.

5. **Assignments of Error** which are not supported by propositions and statements in appellant's brief, as required by the rules, are not entitled to consideration.

APPEAL from the County Court of Parker. Tried below before H. S.
MORAN, Esq., Special Judge.

*Howard Martin*, county attorney, and *Stephens & Moseley*, for appel-
lant.— 1. The court erred in overruling the motion to dismiss this case
and in entertaining jurisdiction. The county judge being disqualified
by law, the case should have been transferred to the District Court of
Parker County, Texas. Rev. Stats., art. 1139; 2 Willson's C. C., sec. 790.

2. The items of expense in constructing a tank and building a fence
are too remote, and are not the true measure of damages. Bounds v. Kir-
ven, 63 Texas, 159; Rev. Stats., art. 4389.

*George A. McCall*, for appellee.— 1. The special judge agreed on by
consent of parties had jurisdiction to try the case. Const., art. 5, sec. 16,
as amended; Gen. Laws 1891, p. 201; Hemphill v. Watson, 60 Texas, 679.

2. The cost of the tank and the increased fencing made necessary by
the change of the road were proper items of damage. Hamilton v. Gar-
rett, 62 Texas, 606; 2 Willson's C. C., secs. 411, 413; Suth. on Dam.,
442–445.

HEAD, ASSOCIATE JUSTICE.—The Commissioners Court of appellant
county changed a road through appellee's land from one of the third to
one of the second class, and this appeal is from a judgment in the
County Court assessing the damage caused by such change at the sum
of $255.30. The trial in the County Court was before a special judge
agreed upon by the parties, the regular county judge being disqualified
by reason of interest in the subject matter; and appellant, in its first as-
signment, challenges the right of the parties to agree upon a special judge
in that court, and insists that the case should have been transferred to the
District Court. The trial was had in January, 1892, at which time the
amended judiciary article of the Constitution was in force, which pro-
vides, "When the judge of the County Court is disqualified in any case
pending in the County Court, the parties interested may by consent ap-
point a proper person to try said case, or upon their failing to do so, a
competent person may be appointed to try the same in the county where
it is pending, in such manner as may be prescribed by law." Gen. Laws
1891, p. 201.

No provision is made by the Constitution as so amended for the trans-
fer of a case from the County to the District Court on account of the
disqualification of the judge of the former. We see no necessity for
legislation to put in force that part of the Constitution above quoted,
which authorizes the parties in such cases to appoint a judge by consent,
and we therefore hold the proceeding in the court below in this respect
regular.

Upon the measure of damages to which appellee would be entitled by reason of the change in the class of the road through his land, the court gave the following charge: " You will also inquire whether it was rendered necessary in adapting the enclosed land of plaintiff to the uses and purposes for which it was useful and valuable, to build and erect any amount of fence on or along said second class road; and also, whether, for the purpose of adapting said premises as changed by said road and fencing, if any, it was necessary to provide additional facilities or tanks for stock water; and if you find it so necessary, you will then ascertain the just and reasonable cost of erecting good and sufficient fences as above defined, and also facilities for stock water, as elements of damages to which plaintiff would be entitled."

The cost of erecting this additional fencing and of providing additional facilities for furnishing stock in the divided pasture with water was proved with much particularity in the introduction of the evidence, and it seems clear that the jury must have understood from this charge that appellee was entitled to recover this cost as a distinct item of damage. This was error.

The measure of the damages in this class of cases, as we understand it, is, first, the value of the land taken for the second road which had not been appropriated for the first; second, the depreciation in value, if any, caused to the remainder of the land of appellee by the change in the class of the road.

In arriving at this second item of damage, the parties would have the right to introduce evidence of everything that would tend to affect the value of the land in the estimation of a proposed purchaser, or that would tend to make it more or less valuable to the present owner; such as the shape in which the tract will be left; the increased amount of fencing, if any, that will be required; the increased expenditures made necessary to provide water; the added facilities, if any, provided for travel to the owner of the land; but this evidence is introduced not as constituting the measure of damages, but as elements to enable the jury to arrive at the correct measure, which, as above stated, is the lessened value of the tract, if any, caused by these different elements, when all are taken into consideration.

Our views upon this question are so clearly stated in 3 Sedgwick on Damages, section 1163, that we copy at length therefrom, as follows: " The measure of damages must not be confounded with the elements of damage, evidence of which is admitted for the purpose of enabling the jury to apply the rule. * * * The measure of damages in condemnation proceedings, stated in one of its most general forms, is *the depreciation in the value of the property,* for this is the same as the *amount of injury* to it. The value is most easily measured by the market, when there is one. Consequently, as we have seen, the rule with which we most com-

monly meet is, *the difference between the market value* of the property as affected, and as unaffected by the improvement, or before the improvement, and as it will be after the improvement is completed.

"As a general rule, under any head of the law, where the measure of damages is determined by a difference in market value, it can not be a matter of any consequence of what elements this is made up, and evidence giving the market value before and after the injury would be quite sufficient. * * * Land, however, has in many cases a very indeterminate market value, especially farming or wild land, such as is involved in perhaps the greater number of condemnation proceedings. Hence, it has become the practice to take evidence not only directly as to the market value, but as to every element which enters into it and tends to diminish it. * * * These elements of damage and value are neither the measure of damages, nor are they allowed as specific items of damage. They go to the jury only to throw light on the general question of depreciation.

" In a recent case in Pennsylvania (Pittsburg, Bradford & Buffalo Railway Company v. McClosky, 110 Pennsylvania State, 436), the Supreme Court of that State said: ' Merely speculative damages can not be allowed. The inconvenience arising from a division of the property, or from increased difficulty of access, the burden of increased fencing, the ordinary danger from accidental fires to the fences, fields, or farm buildings, not resulting from negligence, and generally all such matters as, owing to the particular location of the road, may affect the convenient use and future enjoyment of the property, are proper matters for consideration; but they are to be considered in comparison with the advantages only as they affect the market value of the land. The jury can not include in the verdict a fund to cover the costs of fencing, or to provide an indemnity against losses by fire or casualties to the cattle and stock upon the farm.' "

In the case of Dallas, Pacific & Southeastern Railway Company v. Day, 3 Texas Civil Appeals, 353, this court expressed its disapprobation of a charge which directed the attention of the jury to certain elements of damage quite similar to those introduced in evidence in this case, although the charge did not authorize the recovery of such damage as specific items.

It is scarcely necessary for us to add to what is said above, that in arriving at the damage to the land, the benefits and injuries which the owner receives and sustains in common with the community generally, and not peculiar to that tract, should not be taken into consideration. Morrow v. Railway, 81 Texas, 405.

A number of appellant's assignments of error are copied in its brief without being supported by propositions or statements, as required by the rules, and will not therefore be considered, especially as the case must be reversed for the error above indicated.

The judgment of the court below will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered November 8, 1893.

Justice STEPHENS did not sit in this case.