### J. P. ANDERSON v. WHARTON COUNTY.

Decided November 21, 1901.

**1.—Public Road—Damages.**

Where plaintiff's land was taken for a public road, he was entitled to recover not only the value of the land so taken, but also, in the absence of proof that his remaining land was enhanced in value by the road, the cost of a fence which the road made necessary.

**2.—Same—Evidence of Enhanced Value.**

General expressions of opinion by some of the witnesses that plaintiff's land had been enhanced in value, but with no evidence showing the amount, will not authorize setting off the enhanced value against the cost of a fence rendered necessary by the establishment of the road.

Appeal from the County Court of Wharton. Tried below before Hon. G. S. Gordon.

*I. N. & J. H. H. Dennis,* for appellant.

*W. L. Hall,* for appellee.

GARRETT, CHIEF JUSTICE.—This appeal is from a judgment of the County Court of Wharton County in a proceeding to lay out a public road over the land of the appellant. The jury of view laid out the road in accordance with an order of the Commissioners Court, and assessed appellant's damages at $145.20, being $40 an acre for 3.63 acres of land actually taken, refusing to allow anything for the cost of the building of two and one-third miles of fence at $165 a mile, amounting to $385, which Anderson claimed had been made necessary and incurred by the opening of the road, and assessing the value of the land at $10 an acre less than claimed. The report of the jury of view was approved by the commissioners court, and the road ordered established. From this order Anderson appealed to the County Court, where the cause was tried by jury and resulted in a judgment for the same amount.

A reversal of the judgment of the court below is sought upon the ground that there is no evidence to show that appellant's land was benefitted by the laying out of the public road so as to offset his claim for damages for the cost of the fence made necessary by the opening of the road. As there was evidence tending to support the verdict of the jury as to valuation of the land actually taken, the judgment would not be

reversed because it might seem to this court that there was a preponderance of evidence in favor of the value claimed by the appellant, but there is no evidence to show any amount of value in the appreciation of appellant's land by the establishing of the road over it.  In the absence of proof that his land was enhanced in value by the road, the appellant would be entitled to the cost of the fences made necessary by it.  Elliott on Roads and Streets, 194.  There was direct evidence of the necessity and cost of the fence, amounting to the sum of $385.  There was some general expressions of opinion from two or three of the witnesses that the land had been enhanced in value by the road, but there was no evidence to show the amount.  The advantages to the farm from the building of the town of Glen Flora and the public gin there can not be attributed to the public road, and the saving in cost of getting the cotton from the farm to the gin should not be set off against the cost of the fence.  Appellant had an outlet from his farm before the road was opened, and the opening of the road would not have rendered access to the gin any more convenient.  The argument of counsel for appellee is that, but for the road, the town of Glen Flora would not have been built, and that the town of Glen Flora enhanced the value of the farm.  The building of the Cane Belt railroad was perhaps a more efficient cause of the building of the town of Glen Flora.  But, at any rate, the advantage to the farm from the establishment of the public road as argued is too remote, and logically after rather than because of the fact.  There being no evidence showing any amount of enhancement in the value of the land by reason of the establishment of the road to set off the cost of the fence, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*