CURRIE et al. v. GLASSCOCK COUNTY.
(No. 986.)

(Court of Civil Appeals of Texas. El Paso.
May 22, 1919.)

1. EMINENT DOMAIN ⚍103 — DAMAGES TO
PROPERTY NOT TAKEN—ADDITIONAL FENC-
ES AND IMPROVEMENTS.

Where construction of a road necessitated
additional fencing and the establishment of an
additional watering place to restore abutting
land to former usefulness and value, for graz-
ing purposes, the district court on appeal from
award of jury of view erred in finding that there
was no evidence of depreciated value of land
not taken.

2. EMINENT DOMAIN ⚍203(1)—DAMAGES TO
PROPERTY—EVIDENCE—COST OF FENCES.

In proceeding to determine the amount of
damages due to construction of a road, evidence
of the cost of additional fencing, establishing
watering places and other items of like nature
necessitated by the laying of the road is ad-
missible and entitled to be accorded its proper
probative force in determining whether tract
of land as a whole has been damaged.

3. EMINENT DOMAIN ⚍145(4) — DAMAGES
DUE TO ESTABLISHMENT OF ROAD—OFFSET
OF BENEFIT.

In proceeding to determine the amount of
damages to land due to construction of a road
by appellee county, increased and better road
facilities could be taken into consideration as
offsetting damages to land not taken.

4. APPEAL AND ERROR ⚍994(3)—PROVINCE
OF COURT TRYING CASE — CREDIBILITY OF
WITNESSES.

The credibility of witnesses and the weight
to be given to their testimony was to be judged
by the court who was trying the case without a
jury.

5. EMINENT DOMAIN ⚍205—WEIGHT OF EV-
IDENCE—BENEFIT AND INJURY FROM HIGH-
WAY.

In proceeding to determine the amount of
damages due to construction of a road, failure
of court to recognize evidence of value to tract
as a whole, and evidence of decrease in value
due to road, as of any probative force upon is-
sue of damage to land not actually appropri-
ated, was reversible error.

6. EMINENT DOMAIN ⚍238(4) — APPEAL
FROM AWARD OF JURY—APPEAL BOND.

The road in question being laid out under
Rev. St. arts. 6863, 6864, appeal to district
court from award of jury of view is governed
by article 6866, which does not require bond to
be filed in ten days after approval of award by
commissioners' court, and not by article 6882.

Appeal from District Court, Glasscock
County; Chas. Gibbs, Judge.

Controversy between Lucy Currie, execu-
trix, and others and Glasscock County. From
the judgment rendered on appeal to the dis-

trict court, the former appeal. Reversed and
remanded.

See, also, 183 S. W. 1193.

Royall G. Smith, of Colorado, Tex., for ap-
pellants.

Morrison & Morrison, of Big Springs, for
appellee.

HIGGINS, J. Appellants own a tract of
land in Glasscock county comprising 24 sec-
tions which was used for grazing purposes
and by cross-fences was divided into several
inclosures. The various inclosures were
amply watered, principally by wells with
windmills. The commissioners' court of said
county caused to be laid out through the
land a first-class road from Garden City, its
county seat, to the eastern boundary of the
county in the direction of the county seat of
Sterling county, an eastern adjoining coun-
ty. Damages being claimed by appellants, a
jury of view was appointed which assessed
the same in the sum of $1,640, which was
approved by the commissioners' court. Ap-
pellants, being dissatisfied with the award,
appealed to the district court, where the case
was tried without a jury. Findings of fact
and conclusions of law were filed by the
court, and judgment thereon rendered in fa-
vor of appellants for $1,640, from which they
prosecute this appeal. Other facts pertinent
to the decision will be indicated in the course
of the opinion.

Opinion.

The various assignments will not be dis-
cussed separately, as they all relate to, and
their decision is controlled by, one question.

Damages were claimed by appellants for
the value of the land actually taken by the
road and depreciation in value of the remain-
der of the tract. The court found that the
land was used for grazing purposes, and the
pastures therein had been arranged so as to
give the most beneficial use thereof, and that
such pastures were watered by windmills,
tanks, and wells; that by the establishment
of the road appellants had been obliged to
rearrange the pastures, necessitating the
construction of 16 miles of fence, which cost
$880; that the value of the land actually
taken was $510; that in order to provide for
the beneficial use of the land the pastures
had been rearranged to conform to the road,
and that it was necessary to establish one
additional watering place which would cost
$500. The court found that no evidence had
been offered as to whether the land had been
rendered more or less valuable by the es-
tablishment of the road, and that he was
therefore unable to determine whether ap-
pellants had been benefited or injured by the
road; that, since the burden rested upon
appellants to show depreciation in value

and the extent thereof, and there being an absence of proof in that particular, recovery could not be had by appellants in a greater sum than $1,640, which the county admitted to be due as damages, and which sum exceeded the value of the land actually appropriated.

[1-3] We are of the opinion that the court erred in its finding of fact and conclusion of law that no proof had been offered to show depreciation in value. The fact that the road necessitated additional fencing and establishment of an additional watering place in order to restore the land to its former usefulness and value for the purpose for which it was used by the owner was evidence of a depreciated value. The cost of additional fencing, establishing watering places, and other items of like nature necessitated by the laying of the road do not constitute a measure of damage and are not recoverable as distinct items of damage, but evidence of this nature is admissible, and is entitled to be accorded its proper probative force in determining whether the tract of land as a whole has been damaged. These are matters which may and should be considered by the jury or court trying the case. In like manner increased and better road facilities may be taken into consideration as offsetting such damage. In 3 Sedg. on Dam. § 1163, it is said:

"The measure of damages must not be confounded with the elements of damage, evidence of which is admitted for the purpose of enabling the jury to apply the rule. * * * The measure of damages in condemnation proceedings, stated in one of its most general forms, is the depreciation in the value of the property; for this is the same as the amount of injury to it. The value is most easily measured by the market, when there is one. Consequently, as we have seen, the rule with which we most commonly meet is the difference between the market value of the property as affected and as unaffected by the improvement, or before the improvement, and as it will be after the improvement is completed. As a general rule, under any head of the law, where the measure of damages is determined by a difference in market value, it cannot be a matter of any consequence of what elements this is made up, and evidence giving the market value before and after the injury would be quite sufficient. * * * Land, however, has in many cases a very indeterminate market value, especially farming or wild land, such as is involved in perhaps the greater number of condemnation proceedings. Hence, it has become the practice to take evidence, not only directly as to the market value, but as to every element which enters into it, and tends to diminish it. * * * These elements of damage and value are neither the measure of damages, nor are they allowed as specific items of damage. They go to the jury only to throw light on the general question of depreciation."

In support further of the views expressed, see Parker County v. Jackson, 5 Tex. Civ.

App. 36, 23 S. W. 925; Morris v. Coleman County, 28 S. W. 380; Anderson v. Wharton County, 27 Tex. Civ. App. 115, 65 S. W. 643; Bexar County v. Herff, 23 S. W. 409; Watkins v. Hopkins County, 72 S. W. 872. The facts found by the court disclose that evidence was offered by appellants upon the issue of damage to the tract as a whole. It further appears from the statement of facts that one witness for appellants testified ·that the cutting off of three-fourths of a section decreased the value of the whole section a dollar an acre, or $640.

[4, 5] What has been said is not to be understood as holding that the court must necessarily have accepted as true the evidence adduced by appellants to which we have alluded. The credibility of the witnesses and the weight to be given to their testimony was to be judged by the court. The reversal is based upon the error in the failure to recognize such evidence as being entitled to any probative force upon the issue of damage to the land not actually appropriated.

[6] By cross-assignment appellee asserts that the appeal to the district court from the award of the jury of view was not perfected, and the district court did not acquire jurisdiction, because the bond was not filed in ten days after the approval of the award by the commissioners' court. The road in this case was laid out under the provisions of articles 6863, 6864, R. S. The appeal is governed by article 6866, and not by 6882. Taylor v. Travis County, 77 Tex. 333, 14 S. W. 137; Moody v. Hemphill County, 192 S. W. 265. Article 6866 does not require the bond to be filed in ten days.

Reversed and remanded.