**CITY OF SAN ANTONIO v. FIKE et al.**
(No. 6397.)

(Court of Civil Appeals of Texas. San Antonio. June 29, 1920. Rehearing Denied Nov. 3, 1920.)

1. **Eminent domain ⊂⊃96—Owner can recover value of improvements on portion taken or cost of removal.**

Where a city condemned a portion of a lot on which permanent improvements had been erected, leaving the owner insufficient area to accommodate the entire building as it existed, the owner can recover as part of her damages the value of the portion of the improvements taken or the cost of removal and reconstruction of the building to conform to the new size of the lot.

2. **Eminent domain ⊂⊃95—Future use of property not a proper inquiry.**

In proceedings to condemn a part of a lot for a sidewalk, it is not proper, in determining the measure of damages for the taker, to limit the inquiry as to the use to which the property may be put in the future, which opens too broad a field of conjecture.

3. **Trial ⊂⊃191(11)—Instruction as to removal of improvements held not erroneous as assuming fact.**

Where a city condemned a portion of a lot on which a building was erected and left the owner an insufficient area to accommodate the building as then constructed, an instruction authorizing consideration of a cost of removal or reconstruction of the building was not on the weight of evidence as assuming without conclusive proof that such removal or reconstruction would be made.

4. **Trial ⊂⊃232(2)—Where special issues are submitted, charge as to elements of damage is proper.**

In condemnation proceedings, where the court submitted special issues as to the items of damage, it was not improper for the court to give a general charge as to the elements to be considered by the jury in determining the damages.

5. **Appeal and error ⊂⊃1064(1)—Charge as to elements of damages held harmless.**

If it was error for the court, after submitting general issues, to charge the jury as to the elements to be considered in estimating defendant's damages for the taking of her property, such charge was harmless, where it specified elements she was entitled to recover.

6. **Trial ⊂⊃260(1)—Request covered by main charge need not be given.**

A requested charge on an issue which the court correctly covered in its main charge need not be given.

Appeal fom Bexar County Court; J. R. Davis, Judge.

Suit by the City of San Antonio against Mrs. B. R. Fike and others to condemn a strip of land for sidewalk purposes. From a judgment awarding damages to the owner, City appeals. Affirmed.

R. J. McMillan, U. Algee, and J. D. Dodson, all of San Antonio, for appellant.

W. W. King and H. P. Drought, both of San Antonio, for appellees.

COBBS, J. This suit was instituted to condemn, for street and sidewalk purposes, a strip of land approximately 9.15 feet by 90.5 feet out of lot No. 1, new city block 139, belonging to appellee, in the city of San Antonio, the lot having a width of 50 feet on Armistead street and extending northward along the eastern side of Soledad street 90.5 feet. The cause, being tried in the county court before a jury, resulted in a judgment in favor of appellee against appellant for $4,000.

The same case was before this court once before (211 S. W. 639), and then the court laid down the rule for the submission of cases of this kind in the following language:

"First, the market value of the land taken; second, whether the remaining land has depreciated in market value by reason of the taking; and, third, if there has been such depreciation, the amount thereof. It would be proper to give instructions concerning the elements to be taken into consideration, in view of the proof made, in deciding the issues, but we believe to submit each element separately does not furnish a practical way to decide the issues, in that it is calculated to confuse the jury as to the real measure of damages. The difference between the items of damages and the elements entering into them is well stated in Parker County v. Jackson, 5 Tex. Civ. App. 38, 23 S. W. 924."

As the law of this case is fully discussed in that opinion, it is only necessary for us to ascertain how far the facts are the same and whether or not in giving the charge and in submitting the issues there was any substantial departure from the rule so stated for the government of the trial and disposition of this case.

Appellant insists in the first assignment that in condemnation proceedings, where there is evidence as to the cost of remodeling

improvements on the remaining land, where it is not shown that the remodeling will in fact be made, an instruction that directs the attention of the jury to such evidence and authorizes them to take same into consideration is upon the weight of evidence as assuming such remodeling will be done.

The issues submitted by the court were: First. What was the reasonable value of the property to be taken? to which the jury answered $4,000; and the second question required them to answer what the remainder of the property will be depreciated. In answer to the third they said the remaining property would be damaged $1,000.

The first assignment of error is as follows:

"Because the court erred in the main charge to the jury in paragraph 5 on page 2 of said charge, which reads as follows, to wit: 'And in estimating the damage or depreciation to defendants' said property you may take into consideration the reasonable value, if any, of that part of the improvements to be lost in the taking of said strip, or the amount, if any, necessary to be expended by defendants for removal of said improvements from said strip, or the necessary reasonable cost, if any, for the reconstruction of said improvements, so as to conform to the size of defendants' remaining property'—in that the charge authorized the jury to consider and assess against plaintiff the necessary reasonable cost, if any, for the reconstruction of the improvements so as to conform to the lot remaining, and there was no conclusive or positive testimony that such expenses would ever be actually incurred, and such charge was upon the weight of evidence in that it permitted the jury to assess against plaintiff the reasonable expenses necessary to reconstruct the improvements so as to conform to the remainder of the lot, regardless of whether or not the jury believed that such expenses would be actually incurred."

We copy this assignment because it correctly presents the charge of the court given and appellant's theory of the case.

[1] The appellee's lot has a depth of 50 feet. Practically the entire lot is covered by appellee's residence. A portion of the house will be destroyed and lot will not be sufficient to hold the residence as it now exists. It is clear from the evidence it would have to be reconstructed to conform to the dimensions of the lot left after the portion is taken by the city for its purposes. When a portion of a lot is appropriated by condemnation proceedings, upon which improvements are constructed, which necessitates a removal and causes a new expenditure of money to maintain and protect, such expenditure constitutes a portion of the damages to which the owner is entitled.

When the strip so taken is covered by a portion of such permanent improvements, which occupy the strip, which necessitates the destruction of a portion thereof as in the case here which takes about six feet off of the front of the dwelling, the owner would be entitled to recover the amount as damages the necessary cost incident to the removal to another portion of the lot if that can be done, or, if that cannot be done and a reconstruction of the improvements is required to conform to the lot not taken, the owner is entitled to recover such damages. G. C. & S. F. Ry. v. London-Stoner, 3 Willson, Civ. Cas. Ct. App. § 499; Anderson v. Wharton County, 27 Tex. Civ. App. 115, 65 S. W. 643; Dulaney v. Nolan County, 85 Tex. 225, 20 S. W. 70; Bexar County v. Herff, 23 S. W. 409; Sullivan v. City of San Antonio, 62 S. W. 556.

[2] It is not a proper inquiry, in determining the measure of damages to which an owner may be entitled to as compensation, for the taker to limit the inquiry as to what use it may be put in the future. This field of conjecture is too broad to lay down a rule such as contended for, and we decline to do so.

[3] Appellant contends that the portion of the charge telling the jury in estimating damages to take in consideration the reasonable value, if any, of improvements lost or the amount required to be expended for removal of improvements from the appropriated strip, or the necessary reasonable cost, if any, of the reconstruction of the improvements so as to conform to the size of the remaining property, is on the weight of evidence, in assuming that part of the improvements will be lost or removed or reconstructed.

The court submitted two questions to the jury, the market value of the property taken, and then the amount of damages done to the remaining property by the depreciation in its market value. The court then defined market value and further instructed them in ascertaining the value of the strip taken they were to consider it in relation to the whole tract, and not as a strip alone, then proceeds to give the rule in estimating damages as in the charge set out in appellant's assignments. We cannot agree with the appellant in its contention that the charge is on the weight of evidence. We believe the charge of the court fairly submitted the issues in accordance with the rules established in such cases. City of San Antonio v. Fike, 211 S. W. 641. The first and second assignments are overruled.

[4] For the reasons already stated we overrule the third assignment complaining of the court's charge in charging the jury in estimating the damage or depreciation to defendant's property they could take into consideration the reasonable value, if any, of that part of the improvements to be lost in the taking of said strip, or the amount, if any, necessary to be expended by defendants for removal of said improvements from said strip, or the necessary reasonable cost, if any, for the reconstruction of said improvements so as to

conform to the size of defendant's remaining property, "because said cause was submitted to the jury on special issues, and said paragraph, in its nature a general charge, not applicable or limited to any special issue submitted to the jury."

[5] There is no reason why the court in special issues having already submitted proper questions for the jury to answer may not for their guidance state what elements the jury may consider in answering any special issue submitted. If that were not an advisable thing to do, still this charge is harmless here.

[6] We overrule the fourth assignment of error complaining of the action of the court in refusing to give the special issue requested to instruct the jury in arriving at their answer to determine whether or not the remainder of the property is rendered of less market value because of such widening. This charge or issue was substantially given, and passed upon by the jury in returning their verdict. We do not think the charge of the court is subject to the criticism made to it by counsel, or its position supported by the authorities cited as they are not applicable here.

We think the rule stated in G., C. & S. F. Ry. v. London, 3 Willson, Civ. Cas. Ct. App. § 499, quoted in appellee's brief, followed by the court below in submitting this case to the jury, to the effect where strip of land is taken upon which there are improvements, necessitating the removal or reconstruction of the improvements, is a correct rule in reaching a verdict.

Upon the whole we think this case has been fairly tried and issues properly submitted, and the verdict of the jury supported by the evidence.

We find no reversible error assigned, and the judgment of the court is affirmed.