## YOUNG et al. v. JEFFERSON COUNTY.

### No. 4035.

Court of Civil Appeals of Texas. Beaumont.

July 2, 1942.

Murray, Baker & DeLee, of Port Arthur, for appellant.

Melvin M. Combs, Co. Atty., and Earl Black and Jack Voyles, Asst. Co. Attys., all of Beaumont, for appellee.

WALKER, Chief Justice.

This is a condemnation proceeding by appellee, Jefferson County, against appellants, Mary E. Young et al. Appellants own a tract of about 837 acres of land in Jefferson County. On the verdict of the jury, a strip of land containing 7.833 acres across appellants' tract of 837 acres was condemned in favor of appellee for the purpose of constructing and maintaining a drainage canal; damages in the sum of $1,174.95 were awarded appellants for the land

actually appropriated, and $1,500 as damages to the balance of the tract—this $1,500 is the difference between the sum of $124,374.05, the market value of the tract excluding the strip appropriated, immediately before the condemnation proceedings and $122,875.05, its value immediately after condemnation proceedings. C. Doornbos, appellants' lessee, was awarded $200, which is not in controversy on this appeal. Appellants have duly prosecuted their appeal.

■■ The only point presented by the appeal is the exclusion of certain evidence of the witness W. Oakley, tendered by appellants. Mr. Oakley testified that the market value of the entire tract was $150 per acre, immediately before the condemnation proceedings, and that the damages to the balance of the tract were $25 per acre. Over appellants' objections, Mr. Oakley was permitted to testify that at the time of the condemnation appellants' land was being used as a pasture, and had been so used for a long time. As a basis for his estimate of the damages suffered by the entire tract, had the court not excluded it, this witness would have testified that appellants' land adjoins or is very close to a tract of land owned by Tyrrell-Combest, dedicated or used for a townsite, and that it was subject to and adapted to various other uses. The testimony showed the location of appellants' land in relation to the townsite property and adjoining property, the nature of the drainage ditch and its manner of construction, and the effect that it will have on the drainage of appellants' entire tract, and the effect the construction of the drainage ditch will have on appellants' property as townsite property. Appellants' land is in a highly industrialized section of Jefferson county, and its market value of $150 rests largely upon its location. There was no testimony that, simply as pasture land, the tract had a market value of $150 per acre. The court erred in excluding the proffered testimony of the witness Oakley. In State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979, the Commission of Appeals cited with approval Alloway v. City of Nashville, 88 Tenn. 510, 13 S.W. 123, 124, 8 L.R.A. 123, where the Supreme Court of Tennessee announced the rule in condemnation proceedings, "that the market value in view of all available uses is the measure of compensation." For a discussion of this rule, see also Currie v. Glasscock County, Tex.Civ.App., 212 S.W.

533; Daniel v. Ft. Worth, etc., R. Co., 96 Tex. 327, 72 S.W. 578; Parker County v. Jackson, 5 Tex.Civ.App. 36, 23 S.W. 924, 925. In State v. Carpenter, supra, Judge German, writing the opinion for the Commission of Appeals, reviewed many of the authorities supporting the rule taken by him from the Alloway case.

It follows that the judgment of the lower court should be reversed, except as to Mr. Doornbos, and the cause remanded for a new trial, and it is accordingly so ordered.

Reversed and remanded.