**CITY OF LUBBOCK, Appellant,**

v.

**Burnett J. THIEL et al., Appellees.**

No. 7086.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 27, 1961.

Rehearing Denied Jan. 8, 1962.

Evans, Pharr, Trout & Jones, Lubbock, for appellant.

Crenshaw, Dupree & Milam and Benjamine Kucera, Lubbock, for appellees.

NORTHCUTT, Justice.

This is a statutory condemnation proceeding brought by the City of Lubbock against Burnett J. Thiel, et al. and involved only the value of certain easements over and across certain portions of defendants' farm land, and the incidental damages to the remainder of the 320 acre farm. Upon a verdict on special issues, the court rendered judgment for the defendants in the amount of $6,094.50 for the 4.063 acre easement, known as tract A, $15,960.00 for the 13.3 acre easement adjoining tract A and known as tract B, and a judgment for $37,830.00 for incidental damages to the remainder of defendants' 320 acre farm, making a total verdict for $59,884.50. From that judgment the plaintiffs perfected this appeal. The parties will hereafter be referred to as plaintiff and defendant as they were in the trial court.

The plaintiff makes no complaint regarding the entry of judgment as to the amounts awarded for tracts A and B. This appeal is confined solely to the awarding of incidental damages to the remainder of the farm known as tract C consisting of 302.64 acres.

The plaintiff presents this appeal upon two points of error, contending that the findings of the jury that the 302.64 remain-

ing acres of defendants' farm was damaged $125.00 per acre, since there was no evidence to support such findings, or at least there was insufficient evidence to support such finding, and that such finding of the jury was contrary to the overwhelming weight of the evidence.

It was stipulated that the City of Lubbock had the right to condemn the easement in question. The only question involved in this appeal is whether there is any evidence or at least sufficient evidence to support the finding of the jury that the 302.64 remaining acres was damaged $125.00 per acre and if such finding was contrary to the overwhelming weight of the evidence. In determining these matters, we must consider and weigh all of the evidence in the case and set aside the verdict and remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust, regardless of whether the record contains some evidence of probative force in support of the verdict. We must consider the evidence supporting the verdict along with that contrary to the verdict. King v. King et al., 150 Tex. 662, 244 S.W.2d 660.

We think the rule is properly determined in the case of Brazos River Conservation and Reclamation Dist. v. Costello et al., Tex.Civ.App., 169 S.W.2d 977, writ refused. W. M. where it is stated:

"[7] The rule is well established that where a part only of a tract of land is taken, the owner is entitled to be paid for the value of the part so taken plus any diminution in value of the remainder of the tract. 16 Tex.Jur. 986.

"[8] In order to enable the jury to determine the depreciation of the remainder, the parties have the right to introduce evidence of everything which would tend to affect the value of the land in the estimation of a proposed purchaser or would tend to make it more or less valuable to the present owner. 16 Tex.Jur. 991; Parker County v. Jackson, 5 Tex.Civ.App. 36, 23 S.W. 924."

Several witnesses testified, after being properly qualified to so testify, that that portion of the land not taken in the easement proceeding was greatly damaged. The amounts varied according to the testimony of the different witnesses from $87.50 to $200.00 per acre. Two witnesses, after being properly qualified to so testify, testified that that portion not taken in the easement proceeding was not damaged at all. Some of the witnesses gave as their reason that in building up a road on that part covered by the easement caused the land to wash; that since the land had seven irrigated wells and some four or five miles of underground irrigation pipes that it could not be irrigated as before; spreading of weeds over the land causing extra work as this property was used for raising vegetables; could not spray all the crops with those structures upon a portion of the easement and because of the high voltage wires buried on the easement.

We cannot agree with appellant's contention that there is no evidence but think there is sufficient and also full and satisfactory evidence to support the findings of the jury. We have carefully considered all of the evidence and we do not think the holdings of the jury is against the great weight and preponderance of the evidence as to be manifestly unjust, but on the contrary, the great weight and preponderance of the evidence sustains the holding of the jury. We know of no measure of the weight of the evidence (unless the witnesses on the evidential facts are counted) other than the feeling of probability which it engenders. The problem of proof cannot be resolved scientifically by quantitative analysis. Preponderance is not alone determined by the number of witnesses testifying to a particular fact or state of facts. It may occur that the statement, or the superior knowledge of the subject matter testified to, of one or a few witnesses may be of more importance, and be relied upon

with a greater degree of assurance than that of greater number; and the testimony of the witnesses are oftentimes strengthened or weakened by other facts and circumstances disclosed by the evidence.

From what has been said, we cannot say the jury was not justified in finding as it did. We might not have found as much damages as that found by the jury but the amount of damages, where there was evidence to support it, was their prerogative. Judgment of the trial court is affirmed.