C. B. DORSETT

v.

STATE of Texas et al.

No. 6886.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1967.

Fenley & Fenley, Lufkin, for appellant.

Sumner Williams, Jr., Lufkin, for appellees.

PARKER, Justice.

This is a condemnation suit for highway purposes. In answer to special issues numbered below the jury found:

1. $890.00 to be the market value on September 11, 1963 of the 2.543 acres of land condemned as severed land.

2. $11,389.69 was the market value of Dorsett's 50 acres of land, exclusive of the 2.543 acres condemned, immediately before the 2.543 acres was taken for Farm-to-Market Road purposes.

3. $10,589.68 was the market value of the remaining 47.457 acres of land immediately after the taking of the 2.543 acres of land.

Plaintiffs moved the court to disregard jury's findings in answer to special issues 2 and 3 on the ground of no evidence to sustain either of such findings; that to allow such findings to stand would allow defendants a double recovery. Such motion was granted with judgment entered on the jury finding in answer to special issue No. 1.

Dorsett owned a 50 acre tract. An unpaved county road ran through the 50 acres in a northwest to southeast direction. Approximately 10 acres is north of the road and 40 acres south of the road. To construct Farm-to-Market Road 1475 with a 100 foot right-of-way, strips on each side of the old county road were condemned and taken by the State. The old county road contained .832 acres. The strips taken contained 2.543 acres. The date of taking was September 11, 1963. During 1963 and 1964 Farm-to-Market Road 1475 was constructed.

There is no controversy as to the market value of the 2.543 acres as found by the jury in answer to special issue No. 1 to be $890.00. This included the timber on such land, 2800 feet of fences and one-half of a barn or shed. The market value of the 2.543 acres taken was determined by considering it as composed of the two separate strips of land taken. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979; State v. Meyer, 403 S.W.2d 366 (S.Ct. 1966).

Special issues Nos. 2 and 3 are phrased in accordance with State v. Carpenter, supra. This decision also controls the disposition of appellant's sole point of error, contending the trial court erred in disregarding the findings of the jury in answer to special issues Nos. 2 and 3.

State v. Carpenter, supra, on page 198 of 89 S.W.2d approved the language in Currie v. Glasscock County, Tex.Civ.App., 212 S.W. 533, 534, as follows:

"We are of the opinion that the court erred in its finding of fact and conclusion of law that no proof had been offered to show depreciation in value. The fact that the road necessitated *additional fencing* and establishment of an additional watering place *in order to restore the land to its former usefulness and value* for the purpose for which it was used by the owner was evidence of a depreciated value. * * *" (Emphasis ours)

Witnesses testified the value of the remainder of the 50 acre tract before the taking of the 2.543 acres and after the taking was as follows:

| WITNESS | VALUE BEFORE | VALUE AFTER |
|---|---|---|
| Carrington | $15,152.12 | $14,122.12 |
| Billingsley | 16,610.00 | 15,068.75 |
| Tucker | 9,965.97 | 9,965.97 |
| Walker | 16,517.00 | 16,517.00 |
| Jury's Finding | 11,389.69 | 10,589.68 |
| | (Special Issue 2) | (Special Issue 3) |

The jury's findings as to the values of the remainder before and after taking are within the values testified to by any witness.

Billingsley testified that 6 oak trees on the land taken were. some 70 feet from Dorsett's home. These trees had shaded the home and the loss of this shade damaged the remainder $200.00. One-half of the barn was on the land taken. For the barn to be useful it had to be moved and rebuilt, causing a damage of $300.00. When the highway was constructed the construction of a dam in the right-of-way ditch diverted the water onto the remaining land, damaging it $100.00. Building fences needed after the taking he estimated cost $450.00.

Dorsett testified: His home was on the north side of the road. On the land taken and 70 to 75 feet from his house, 6 oak trees had shaded his house. When these trees were removed his home had no shade. He used his lands for pasturing as well as growing timber. The road contractor took bulldozers and other equipment to knock down half of his barn on the land taken, damaging the structure of the other half to such an extent he had to rebuild it on the remainder of the land. 2800 feet of fencing on the two 20 foot strips was demolished by the contractor. To continue to use the remainder of the land for pasturing he had to build fences and a barn.

The road as constructed caused flooding and erosion of part of his land. Culverts had to be built to have access to his home, pastures and barn.

Photographs showed the home of Dorsett to be unattractive as a result of the above matters. The witness Carrington testified as to such elements of damage to the remainder in arriving at his values before and after the taking.

The jury was at liberty to reach its conclusion in answering the special issues by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject in inquiry. Viewing the evidence most favorable to the jury's findings in answer to special issues Nos. 2 and 3, the evidence supports such findings. Appellant's point of error contending the trial court erred in disregarding the findings of the jury to special issues Nos. 2 and 3 is sustained.

The judgment of the trial court is affirmed in part and reversed and rendered in part to the end that plaintiff, the State of Texas, do have and recover of and from C. B. Dorsett and wife the 2.543 acres of land taken for highway purposes and said Dorsetts are entitled to have and recover the sum of $890.00 therefor, and the Dorsetts are also entitled to recover the further sum of $800.01 from the State of .Texas by reason of damages to the remainder.