**HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellant,**

v.

**H. D. HAMBRICK et ux., Appellees.**

**No. 15314.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Oct. 10, 1968.

Rehearing Denied Nov. 7, 1968.

Joe Resweber, County Atty., Charles F. Mitchell, Asst. County Atty., Houston, for appellant.

Liddell, Dawson, Sapp & Zivley, W. Robert Brown, Houston, for appellees.

BELL, Chief Justice.

This is an eminent domain proceeding. Appellant condemned four strips of land crossing a 120 acre tract of land in Harris County belonging to H. D. Hambrick. The strips condemned aggregate 5.239 acres. The strips were acquired for the purpose of digging drainage ditches. The drainage ditches were a part of a community drainage project in northwest Harris County. The 120 acre tract was rectangular in shape. Three ditches cross the tract from north to south and empty into the fourth ditch running along the south of Hambrick's property. One of the north-south ditches runs along the western edge of the tract. A second one runs diagonally from north to south about midway of the west half of the tract. The third north-south ditch crosses the tract about the center. The ditches are all open ones. The right-of-way for the center or diagonal ditch is 40 feet in width and the right-of-way for the other ones is 60 feet in width. We do not find a depth or width for the ditches stated but pictures in the record reflect they are substantial in width and depth. Prior to the digging of the ditches it seems there was no particular drainage problem on this tract, nor has there been since that time. The tract was a relatively flat one but sloped gently to the south. The natural flow of the water was to the south. The land had previously been in use as a dairy operation. The testimony was that its highest and best use at the time of condemnation was as a residential subdivision.

On trial to a jury, the jury found the market value of the land taken to be $5,100.00. The jury found that the balance of the tract immediately before the taking was of the market value of $111,000.00, and that the market value after the taking was $93,000.00. Judgment was rendered in accordance with the verdict.

Appellant asserts for points of error:

1. That the trial court erred in refusing to submit in the charge its specially requested instruction which would limit the jury's consideration of testimony concerning other sales of neighboring property that had been testified to by experts to one of the bases used by the experts in arriving at their opinion as to the market value of the land here involved. The instruction requested is set out in State v. Oakley, 163 Tex. 463, 356 S.W.2d 909.

2. That the trial court erred in refusing to strike the testimony of Robert M. Atkinson. This testimony concerned the nature and estimated cost of the work that would have to be done in subdividing the property by reason of the presence of the drainage ditches.

3. That the trial court erred in refusing to comply with Rule 226a, Texas Rules of Civil Procedure.

4. That the trial court erred in refusing to grant its motion for judgment non obstante veredicto. Really the complaint is that there was no evidence to support the jury's finding of damage to the balance of the tract, it being contended that Mr. Hambrick made a judicial admission that he benefited from the drainage ditches.

■ There was no error under the facts of this case in refusing to include in his charge an instruction by the court limiting the consideration the jury could give to the hearsay testimony of the expert witnesses as to the sale and sale prices of neighboring property. The rule is that if the expert does not have firsthand knowledge of the sale and sales price, his testimony about what he heard or learned otherwise is hearsay. Nevertheless, such testimony is admissible not as substantive evidence of the fact of the sale and sales price but to show one of the bases used by the expert in arriving at his opinion as to the market value of the land involved in the immediate condemnation proceeding. State v. Oakley, supra; City of Houston v. Collins, 310 S.W.2d 697 (CCA, Tex.Civ.App.), n. w. h.; City of Houston v. Huber, 311 S.W.2d 488 (CCA, Tex.Civ.App.), n. w. h.

In the case before us the appellees offered a duly qualified real state expert to testify. Appellees' counsel asked the witness to state whether he considered any comparable sales. The witness stated he had. The first sale mentioned was from F. L. Tucker to Gus F. Wortham. Appellees' counsel, Mr. Brown, asked the witness to state the price per acre of this sale. Appellant's counsel, Mr. Mitchell, objected to the evidence on the ground that it was hearsay and the sale was not a comparable one. Then the following proceedings occurred:

MR. BROWN: Your Honor, it is comparable to a hundred and twenty acre tract, and one of the issues before the Jury relates to the valuation of the one hundred twenty acre tract.

THE COURT: For what purpose is that testimony, Mr. Brown?

MR. BROWN: I beg your pardon, sir?

THE COURT: What is the purpose of the testimony, in the first place?

MR. BROWN: To give the Jury the benefit Your Honor, of knowing, in part, *how Mr. Caldwell arrived at his opinion* as to the value of Mr. Hambrick's property. Specifically, the one hundred twenty acre tract, the one hundred and fifteen acres remaining and the five acres.

THE COURT: *It is strictly limited to that purpose?*

MR. BROWN: *It is limited to that purpose.*

THE COURT: All right, do you desire the Jury to be instructed, Gentlemen, or just the limitation for that purpose?

MR. BROWN: Just the limitation for that purpose.

THE COURT: Overrule the objection, and leave it to the Jury the weight, if any, to put on it. (Emphasis ours unless otherwise stated)

It will be noted that appellees offered the evidence for the limited purpose of showing in part how the witness arrived at his opinion. It is also noted that the court asked if an instruction was desired and appellant's counsel remained silent.

Later during the trial evidence was offered by the same witness of a sale from the Houston Bank and Trust Company to Marks Development Company. When it was offered the following proceedings occurred:

Q (By Mr. Brown) What was the price per acre for that sale from Houston Bank and Trust Company to Marks Development Company?

MR. MITCHELL: We object to that sale, Your Honor, as not being comparable to the property being acquired by reason of this condemnation.

THE COURT: Is there any limitation on this one?

MR. BROWN: We offer it for the same limited purpose of the first sale, Your Honor.

THE COURT: Whether it does, or does not, substantiate the opinion of this witness?

MR. BROWN: Yes, sir.

THE COURT: Overrule the objection.

The court then gave the following instruction:

Gentlemen of the Jury, it has been requested that you be instructed that with respect to these sales or purported sales here it is pretty obvious that they are hearsay in the main and your consideration of such testimony will be limited to the question as to *not* whether they were, or were not made, or were or were not made for the prices that are mentioned by the appraiser, but your consideration is limited as to whether or not they do or do not, substantiate or tend to substantiate the opinion of the appraiser-witness. They are limited strictly to that purpose, and any of those sales that are

allowed for your consideration will be limited for that particular purpose.

MR. MITCHELL: To which ruling of the Court we hereby respectfully object and except.

It will be noted that appellant's objection was not that it was hearsay, but only that the property involved was not comparable to the property here involved. Again the offer was for the limited purpose previously stated. Too, it is noted appellant made no objection to the limiting instruction.

When appellant was offering one of its experts, the expert was asked about comparable sales that he had learned of. This colloquy occurred between appellant's counsel and the court:

MR. MITCHELL: Your Honor, recognizing this as being hearsay, we are offering this for the limited purpose of showing the basis upon which the appraiser formed his opinion. We are not offering it as any real evidence of the value of the land sold or that it sold for the price indicated, but only upon the foundation upon which he based his opinion.

THE COURT: All right, let that limitation be noted in the record. *Do you desire any instructions to the Jury, Mr. Mitchell?*

MR. MITCHELL: *If it is limited to that, Your Honor, I don't know that there is any necessity for instructing the Jury. They have been instructed heretofore.*

THE COURT: You are relying on that limitation?

MR. MITCHELL: On which we are offering it, Your Honor.

THE COURT: All right, sir. (Emphasis ours)

It will be observed that the offer was properly limited and also that when the court asked if a limiting instruction was desired appellant's counsel stated he thought it not necessary because of the previous instruction given. Appellant thereby approved the previously given instruction.

Later appellant introduced from another of its experts evidence of comparable sales and there was no limitation on the offer. Evidently appellant felt the previous instruction sufficed to inform the jury the limited purpose for which all such evidence could be considered.

■ While the instruction given is not as accurate as that given in State v. Oakley, supra, we feel that under the authorities above cited there was no error in refusing to give the requested instruction. The offer was properly limited by appellees' counsel and appellant's counsel approved the limiting instruction given by the court during the course of trial.

■ There was no error in not striking the testimony of Mr. Atkinson. It had been agreed by the parties that the highest and best use for the property was for residential subdivision purposes. There was testimony from Mr. Caldwell, appellees' expert, that the presence, location and character of the ditches would affect adversely the market value of the remainder of the tract. The purport of Mr. Atkinson's testimony was that variously described steps would have to be taken to furnish crossings of the ditches and possible enclosures of parts of them. He estimated the cost. The offer of the testimony was not for the purpose of being a measure of the damage but purely to be considered by the jury as bearing on the lessened market value of the remainder of the tract. This testimony was proper for such purpose under State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, opinion adopted; and City of Lubbock v. Thiel, 352 S.W.2d 799 (CCA, Tex.Civ.App.), n. r. e.

■ There was no reversible error in the refusal of the court to read to the jury the admonitory instructions prescribed by our Supreme Court pursuant to Rule 226a, T.R. C.P. Under paragraph II are the instruc-

tions designated to be read. The court did not read them, but gave a copy to each juror to read, and told the jurors to read them. He gave them time to read the instructions and then asked the jurors if they had done so. They answered in the affirmative. Further the court left the written instructions with the jurors and instructed them that they could review the instructions as the case progressed. While this was not a literal compliance with the rule, we fail to see where any harm resulted.

Appellant urges the court erred in overruling its motion to disregard the jury's answers to Special Issues 2 and 3, which found the market value of the remainder of the tract before and after the taking, because there was no evidence to support their submission. The appellant's reasoning is that Mr. Hambrick judicially admitted the part not taken was benefited by the drainage. Additionally, and apart from the alleged judicial admission, it urges there was no evidence of any damage to the balance of the tract.

There was no judicial admission by Mr. Hambrick that there was no damage to the balance of his land.

■ Under the evidence it was shown that the drainage project was one designed to drain a substantial area of the community in which Mr. Hambrick's land was located. As originally planned by appellant there would be a ditch across the north and west edges of his property. He did not want any ditches on his property. Such a location would not benefit his property any from a standpoint of drainage. However, since appellant was going forward with the community project and would cross appellees' land, appellee preferred that the east-west ditch be along his south line with north-south laterals into it. This would give him some better drainage as it would the rest of the community. Mr. Hambrick did not testify as to value. When he stated that if the ditches were to be on his land, even though he did not want them, he at least wanted some benefit, it is obvious he

was referring merely to some improved drainage and not the over-all effect of the presence of the ditches on the market value of the remainder of his tract. There was no judicial admission that there was no lessening in the market value of the remainder.

■ There was evidence of probative force from the expert, Mr. Caldwell, showing a damage to the remainder. He testified, giving his opinion that the presence of the ditches would lessen the market value. He stated facts on which he based his opinion. Some of the facts were that the open ditches of the nature previously described made the land, particularly in the vicinity of the ditches, less desirable because prospective purchasers did not want homes near ditches because of danger to children and the likelihood of odors and insects. The presence of the ditches would make it more difficult and expensive to lay out the subdivision. More detailed reasons were given, but we think what we have said suffices to show there was evidence of probative force to sustain the finding of damages to the remainder.

Affirmed.