The STATE of Texas, Appellant,

v.

Mary A. Stephenson BAKER et al., Appellees.

No. 8835.

Court of Civil Appeals of Texas, Amarillo.

Nov. 28, 1977.

Rehearing Denied Dec. 27, 1977.

Dean Arrington, Asst. Atty. Gen., Austin, for appellant.

Templeton & Garner, Robert E. Garner, Amarillo, for appellees.

REYNOLDS, Justice.

This appeal from a judgment rendered in a condemnation action presents no issue which is not controlled by settled authority; therefore, because the litigants are fully familiar with the record and the appellate issues, this abbreviated opinion suffices to explain why the judgment is affirmed.

The judgment from which the State of Texas appeals awards monetary compensation for the part of a tract of land taken and for damages to the remainder. The sufficiency of the evidence to sustain the amounts of the awards is not questioned.

Initially, the state complains of the evidence of the use made of an irrigation well located on a separate, but formerly owned, adjacent tract in connection with the parent tract when there was no unity of ownership. The state correctly contends that unity of ownership is required to justify a recovery of damages under the unity of use doctrine. *Gossett v. State*, 417 S.W.2d 730, 734–35 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.). Here, however, the evidence was specifically offered, and admitted, not as a measure or as an item of damages but as an element of information —i. e., "the use that is being made of it"— to guide the jury, if it did, in arriving at the correct measure of damages. For this purpose, the evidence was admissible. *Parker*

*County v. Jackson*, 5 Tex.Civ.App. 36, 23 S.W. 924, 925–26 (1893, no writ); 22 Tex. Jur.2d Eminent Domain § 156 (1961). The first point of error is overruled.

The remaining points are interrelated. The subject of the second point is jury argument; points three through six concern side-bar remarks; and the seventh, and last, point is that the cumulative effect of the errors alleged in the first six points warrants reversal. We do not detail each impropriety alleged. We have, however, carefully examined and considered each of them in the light of the attending circumstances and have considered all of them in the light of the record as a whole.

■ Rule 269, Texas Rules of Civil Procedure, requires counsel to confine argument to the evidence and the opposing argument, and directs the trial court to rigidly suppress any side-bar remarks. By virtue of the rule, control of counsel during a trial must rest within the sound discretion of the trial court, and it is uniformly held that a reviewing court will not interfere unless it is apparent that the trial court abused its discretion. *Associated Employers Insurance Company v. Burris*, 321 S.W.2d 112, 118 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.).

■ We recognize that in ardent advocacy, counsel is apt to stray from the decorum prescribed by the rule; nevertheless, we, like the court in *Texas Employers' Ins. Ass'n v. Kelly*, 56 S.W.2d 1108 (Tex.Civ.App.—Fort Worth 1932, writ dism'd), to which the state refers us, do not look with favor on the transgressions. Yet, before we could reverse the judgment because of argument, and similarly because of the side-bar remarks, it must appear that they were improper and we must be satisfied that they were reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Aultman v. Dallas Railway & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596, 599 (1953).

Appellees defend their argument, but candidly concede that the side-bar remarks were improper. Assuming arguendo that the argument also was improper, we, as the court held in *Kelly*, do not believe in the light of the whole record that it, and the side-bar remarks, were so grave and so fundamentally destructive to the merits of the case as to require reversal.

From our review of the offending matter in the context in which it occurred, we are not prepared to say that it is more reasonable to believe that the argument and side-bar remarks caused the jury to award greater amounts than it otherwise would have awarded. At least we can advance no valid reason for holding that it was the offensive matter, and not the unchallenged testimony of values heard by the jury, which caused the jury to reach its verdict.

Thus, we are not able to say that the trial court abused its discretion in making the rulings it did, for the argument and side-bar remarks, improper though they may be, were not, in our view, calculated to cause and probably did not cause, either singularly or collectively, the rendition of an improper judgment. Rule 434, T.R.C.P. The last six points are overruled.

The judgment is affirmed.