TRINITY & BRAZOS VALLEY RAILWAY COMPANY ET AL. v. D. E. JOHNSON.

Decided November 9, 1910.

**1.—Trial—Exclusion of Testimony—Harmless Error.**

Any error in excluding a particular statement of a witness is rendered harmless when the witness practically makes the same statement in other portions of his testimony.

**2.—Damage to Property—Estimate by Comparison.**

The issue being whether or not a certain property was damaged by the construction and operation of a railroad nearby, an estimate based upon the effect of the road upon other property nearby but of a different character, would not be competent evidence.

**3.—Trial—Improper Evidence—Harmless Error.**

The admission of improper testimony is not cause for reversal when, in view of other evidence in the case and the amount of the verdict, it is evident the appellant was not prejudiced thereby.

**4.—Nuisance—Damage to Property—Opinion of Witness.**

The opinion of a witness as to the depreciation of property by the construction of a nearby nuisance, involves a mixed question of law and fact, and is, therefore; incompetent testimony.

**5.—Practice—Objection to Testimony—Cross-examination—Waiver.**

By cross-examining a witness and causing him to repeat testimony objected to on direct examination, a party waives his objection thereto.

**6.—Nuisance—Railroad—Joint Use—Exclusive Liability of Owner.**

Where the testimony fails to show any joint responsibility for the construction of a railroad, but shows that one party constructed and owned it and let or leased to other railroads the privilege of operating trains over it, and does not show any joint operation of such trains, none but the party constructing and owning the road can be held responsible for damages to adjacent property. The companies contracting for the use and actually using the road could not be held liable for any damages except those resulting from the operation of their respective trains.

**7.—Appeal—Partial Affirmance—Practice.**

Where a cause of action against one defendant is separable from that against other defendants it may be affirmed as to one and reversed and remanded as to others.

Appeal from the Eleventh Judicial District, Harris County. Tried below before Hon. Chas. E. Ashe.

*Andrews, Ball & Streetman,* for appellants.—The market value of property in the immediate vicinity and similarly situated to the property in question just before and just after the acts complained of, was admissible as evidence in arriving at the market value of the land in controversy at such time. Sullivan v. M. K. & T. Ry., 29 Texas Civ. App., 429 (68 S. W., 745); St. L. S. W. Ry. v. Hughes, 73 S. W. 976 (application for writ of error dismissed by Supreme Court); Washburn v. Railway, 18 N. W., 328 (Wis.); Seattle & Montana Ry. v. Gilchrist, 30 Pac., 738 (Wash.); Concordia Cemetery v. Railway, 12 N. E., 536 (Ill.); St. Louis, etc., Ry. v. Clark, 121 Mo., 169, 25 S. W., 192, 906; Baltimore Ry. Co. v. Sattler, 59 Atl., 654 (Md.).

The court erred in permitting the witness for the plaintiff, E. C. Crawford, to testify in answer to the inquiry of him by the attorney for plaintiff about how much, in his opinion, plaintiff's property had deteriorated, over the objection of defendants that the inquiry of plaintiff's counsel called for the witness' opinion and conclusion, that he thought plaintiff's property had deteriorated about one-half. Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 175; International & G. N. Ry. Co. v. Fickey, 125 S. W., 327; Houston & T. C. Ry. v. Roberts, 108 S. W., 808 (Texas Sup.); Bell County v. Flint, 91 S. W., 329; Boyer & Lucas v. Ry., 72 S. W., 1038.

It was error for the court to allow the witness, E. C. Crawford, to testify, over defendant's objection, that, in his opinion, the acts complained of deteriorated the value of the plaintiff's property. Same authorities.

Testimony as to the value of particular real property, or as to the de-

preciation in the value of such property, is inadmissible where it appears that such testimony is based upon facts existing elsewhere, and not in the immediate vicinity of the property in question.  Gulf, C. & S. F. Ry. Co. v. Dunman, 85 Texas, 176; Houston & T. C. Ry. Co. v. Smith, 46 S. W., 1046; Texas & N. O. Ry. v. Smith, 35 Texas Civ. App., 353; Gulf, C., etc., Ry. Co. v. Staton, 49 S. W., 277; Gulf, C. & S. F. Ry. v. Maetze, 2 Texas Civ. App., 556; Wigmore on Evidence, sec. 718.

Where there is no evidence that the damages as a whole are the result of joint action or concert of action between two or more defendants, it is error for the court to render a joint and several judgment against the defendants for the total amount of said damage.

*W. J. Howard,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages brought by appellee against the Trinity & Brazos Valley Railway Company, the Houston Belt & Terminal Railway Company, the Beaumont, Sour Lake & Western Railway Company, the Houston East & West Texas Railway Company and the Gulf, Colorado & Santa Fe Railway Company, alleged to have accrued by depreciation in the market value of lots 10, 11 and 12 in block 101, in the Noble Addition to the City of Houston, on account of the construction of the track of the Houston Belt & Terminal Railway near his residence and the operation of trains thereon.  It was alleged that the line of railway was used by all of the railroad companies named for the operation of their trains.  Before the trial the cause was dismissed as to the Gulf, Colorado & Santa Fe Railway Company and the Houston East & West Texas Railway Company, and upon a trial before a jury, a verdict and judgment for $750 was returned against the other three companies, and they have prosecuted this appeal.

The first and second assignments of error are based upon the refusal of the trial court to permit D. R. Beatty, a witness for appellants, to testify that the market value of the east one-half of block 98, less 35 feet on the south thereof, with the improvements was the same after as immediately before the construction of the road and the operation of trains over it, said block 98 lying immediately south and next to block 101, in which appellee's property was situated.  However much merit there might be in the contention that proof of the value of similar property in the vicinity is admissible, there is no predicate for claiming error in this case, because the witness testified practically to everything set out in the assignment.  He stated: "I sold my half block this last week for the same money I offered it for before the railroad was put in.  I am talking about the other half block I just sold.  I will say that property would not have been depreciated in value if there had been a railroad a half block away from there over which four or five trains run each day, and those other conditions were afterwards placed right up next to the property."

The testimony of the witness showed that the same conditions did not

surround his property as that of appellee. The buildings of the former were small rent houses, the house of the latter a residence of the value of $2200 to $2400. The witness stated: "If a man can afford to pay $50 or $75 a month for a house, then he will go away from the railroad; but a man that pays $10 or $15 will not pay any attention to it." That is to say, that a man who could afford to live in a house like appellee's would rent it on account of the proximity of the railroad, while those compelled by poverty to live in small cottages would endure the discomforts by virtue of necessity. The witness also stated: "Surely in buying this property for a home this disturbance there would necessarily deter people from buying. If I was buying it, it would be less valuable for a home."

Under the authorities in this State it was perhaps error to allow the witness E. C. Crawford to be asked how much he thought the value of appellee's property was depreciated by the construction and operation of the road, but in view of the other evidence and the amount of the verdict the answer could not have injured appellants. All of the testimony tended to show that the property was depreciated in value largely more than the sum found by the jury. McLaughlin, a witness for appellee, said the property was worth $5000 before the road was built, and $2500 or $3000 after the trains were being operated over the road. That evidence was not objected to. The jury returned a verdict for $750 which shows that the high estimate of neither of the witness was regarded. In view of the circumstances detailed by appellee the verdict was a very light one.

Speaking on the same error suggested by appellants in the assignment under consideration, the Supreme Court in Gainesville, H. & W. Ry. v. Hall, 78 Texas, 169, held that the question which called for the opinion as to depreciation of the value of the property, involved a mixed question of law and fact and was improper. The court held, however: "But in so far as the answer of the plaintiff was concerned, no harm resulted to the defendant. He did not give a direct response to the question, but answered that the market value of the place was almost totally destroyed; that without a railroad it would be worth at a low estimate $4000, and its value was decreased from the causes enumerated from one-half to three-fourths of that amount. The result was the same as if the witness had been asked the value of the property before the railroad was built and afterwards, and the cause of the depreciation in value, if any, and had answered it was worth before the construction $4000, but since the construction was not worth more than $1000 or $2000, and the cause of the decrease was the noise, smoke and vibration caused by the moving trains." The quotation perfectly covers the question and answer in this case.

In connection with the testimony of Crawford objected to in the third, fourth and fifth assignments, it may be stated that appellants have lost any vantage ground they may have held by their objections to the testimony, by their cross-examination of the witness in which they caused him

to reiterate substantially all of the testimony, even if it were objectionable. By causing the witness to repeat the testimony they waived all objections to it. Eastham v. Hunter, 98 Texas, 560; Sullivan v. Fant, 51 Texas Civ. App., 6 (110 S. W., 507).

The sixth assignment of error complains of the admission in evidence of a statement by Crawford that the property of appellee was worth, before the road was built, the sum of $4500. If there was any merit in the objection originally, appellants could not take advantage of it because they elicited from the witness on cross-examination that the lots were worth about $1500 and the house about $3000, which would amount to $4500.

There was ample testimony to show depreciation in value of the property by the acts of appellants, at least in the sum found by the jury, and the seventh assignment of error is overruled.

The uncontradicted testimony showed that the road of the Houston Belt & Terminal Railway Company was completed about January, 1907; that it encircles the city of Houston and affords a terminal for other roads, "and lets out on contract the privilege to other lines of railway of operating trains over that belt." As stated by appellants, "the evidence is undisputed that the Houston Belt & Terminal Railroad constructed this road, and therefore would be responsible for such damage," but there was no effort made by appellee to separate the damages arising from construction and the damages arising from operation of the trains. All of the appellants operated the trains, and the owner of the road would be liable for the whole of the damages arising from construction of the road and operation of trains, because it was the active agent in producing the results arising from both causes. It built the road, it induced other roads to use it. The railroad companies contracting for the use and actually using the road, could not be held liable for any damage except those arising from the operation of their respective trains, because they had nothing whatever, so far as the evidence shows, to do with the construction of the road or the operation of any except their respective trains. The charge, however, renders each of them responsible for all the damages, not only those arising from construction of the road, but of those arising from the operation of all trains run over the road. It would seem too clear for argument that, where the testimony fails to show any joint responsibility for the construction of the road but shows that one party constructed it without aid or assistance on the part of the others, and does not show any joint operation of trains over the road, none but the constructing and leasing company can be responsible for all the damages. This view of the case does not necessarily require a reversal as to all the parties, but only as to those that merely operate trains on the road.

The charge complained of in the twelfth assignment of error is not upon the weight of the evidence, but, on the other hand, the charge evinces great care upon the part of the trial judge to avoid an invasion

of the right of the jury to pass upon the facts. The charge embodied the law, and the court did not err in refusing a special charge on the same subject.

The charge complained of in the fourteenth assignment was not upon the weight of the evidence, nor was any part of the evidence unduly emphasized.

There can be no question of contribution arise between the owner of the railroad and those who contracted for the use of it, and the cause of action as to the one is easily separable from that as to the others, and the cause can be affirmed as to one and reversed as to the others.

The judgment is affirmed as to the Houston Belt & Terminal Railway Company and reversed and remanded as to the other two appellants.

*Affirmed in part and reversed and remanded in part.*