## SOUTHLAND GREYHOUND LINES, Inc., v. KING.

### No. 3091.

Court of Civil Appeals of Texas. El Paso. Nov. 8, 1934.

Rehearing Denied Nov. 28, 1934.

Frank Stubbeman, of Midland, and E. L. Klett, of Lubbock, for appellant.

J. M. Caldwell, of Midland, and Whitaker & Peticolas, of El Paso, for appellee.

WALTHALL, Justice.

Appellee, Charles King, brought this suit against appellant, Southland Greyhound Lines, Inc., in the district court of Midland county, Tex., to recover damages for personal injuries alleged to have been sustained by him on September 22, 1932, by reason of a Ford pick-up truck, in which he was riding at that time, the truck being driven by Mrs. Savanna King, coming in collision with appellant's motorbus on the public highway at the intersection of Wall street and Front street, public streets in the city of Midland, Tex.

The uncontroverted evidence shows that Front street is 30 feet wide and extends in a general direction east and west and is paved from its intersection with Wall street southwestward for a distance of three blocks. Wall street extends generally easterly and westerly, is 50 feet wide, paved, intersects, or rather converges with, Front street, from the north side at an angle apparently of about twenty degrees. A little east of where the

282

south line of Wall street, if extended across Front street, would intersect the south line of Front street, is a concrete drainage culvert, referred to in the evidence. Apparently, from the diagram in the record, the highway east from the intersection or converging of Front street and Wall street extending east is highway No. 1.

We will refer to appellant's vehicle as the bus and the vehicle in which appellee was riding as the truck.

At the time of the collision, the bus was moving west on highway No. 1, entering the town of Midland from the east, and was about four blocks from the center of the business part of the town. At that time the truck in which appellee was riding was on Wall street and going southeasterly into Front street from the west, and continued in that direction into Front street until the collision occurred. The bus, when first mentioned in the evidence, was on highway No. 1, about 150 feet east of the intersection or convergence of the two streets into highway No. 1. The bus at that point was about the center of the highway, and was going about 35 miles an hour. The truck at that time and place was going about 10 or 15 miles an hour. From the last point mentioned the bus continued west into Front street and swerved to the left of the center of the street and came in collision with the truck in Front street at or near the drainage culvert. The collision left the wheels of the bus partly over the south curb of Front street in the vicinity of the concrete drainage. The bus had hit the truck with its right forepart while the truck was near the center of Front street.

The uncontroverted evidence seems to be that, when the bus reached the intersection of the two streets, the bus turned its course south of the center of Front street, apparently intending to run south of the truck on Front street.

The court submitted the case to the jury on special issues. The jury found all issues in favor of appellee, and judgment was entered in favor of appellee, from which appellant duly prosecuted this appeal.

### Opinion.

■ We do not concur in appellant's proposition to the effect that, because the truck could have been stopped within 5 or 6 feet and the collision avoided, the trial court erred in refusing to give its requested peremptory instruction to the jury to return a verdict in its favor. Such instruction would not follow, we think, as a matter of law from that one fact alone. It would still be a question for the jury to say whether the failure to stop was negligence and a proximate cause of the injury. The evidence justified the submission of the issues of fact as to contributory negligence to the jury.

■ Appellant's second proposition submits that certain statements made by the presiding judge to the jury amounted to coercion in securing a verdict, in that the court refused to discharge the jury at their request when the jury had been kept together for such time as to render it altogether impossible that they could agree.

The court refused to approve a bill of exceptions tendered by appellant's counsel, and prepared and filed a statement of what the trial judge says transpired, to the best of his recollection. The court states, however, that the statement he makes and files "is not to be considered as a bill of exception or a qualification to defendant's bill of exception." However that may be, we have no statement in the record of what occurred in the conversation between the trial judge and the jury except appellant's statement in his bill of exception not approved by the court, and the statement made by the trial judge as to what occurred; both statements appearing as a part of the record. In the trial judge's statement appears the following: "At all times Mr. Stubbeman, counsel for the defendant, was in the courtroom and at all times while the court instructed the jury regarding their deliberations he was present and heard the court and had an opportunity to make any exception he wished to make. No exception was made in open court by Mr. Stubbeman at any time concerning any of the statements I made to the jury concerning their conduct and deliberations. On Wednesday, March 21, 1934, in the afternoon, Mr. Stubbeman came to my office and presented the foregoing bill of exceptions with the request that it be allowed by me, and as same was presented two days after the verdict of the jury had been returned into open court, I could not allow same, as no exception whatever was taken or reserved by the defendant concerning the above matters at the time they transpired."

There is no controversy in the record or in appellant's brief as to the trial judge's above statement that appellant made no exception in open court at the time concerning the statement made to the jury as to their deliberations. We think that, in order for appellant to avail himself of any error in the court's statements to the jury as above, an exception thereto should have been made in open court,

at the time same occurred, or at some time before the return of the verdict. Otherwise it might appear that appellant was speculating on what the verdict might be. While we regard the language of the trial judge to the jury as clearly improper, Missouri, K. & T. Ry. Co. v. Barber (Tex. Com. App.) 209 S. W. 394, we do not regard it as such fundamental error as should reverse the case.

■ Appellant complains of the refusal of the court to submit to the jury his requested special charge:

"(1) After Savanna King saw the motor bus approaching did she undertake to cause the Ford car (truck) to turn to the left?

"(2) If not, was such failure negligence?

"(3) Was such negligence, if any, a contributing proximate cause of the injury?

"(4) Was such negligence, if any, the sole proximate cause of the injury?"

The evidence shows that Mrs. King was driving the truck at the time of the collision. The court gave appellant's requested charge inquiring whether Savanna King failed to use ordinary care for the safety of herself and others in continuing to drive in the direction she did drive after entering Front street. The court also submitted other special charges, such as, whether the occupants of the truck, after they saw the bus driver pulling to the left, used ordinary care to avoid the collision; again, whether, after appellant saw the motorbus approaching, he failed to use ordinary care to avoid the collision; and whether it was negligence on the part of Savanna King, and appellee, to drive as far to the right as she did on Front street —to all of which the jury's answer was in favor of appellee. The issues as submitted seem to conform to appellee's defensive pleading in which it is alleged: "The occupants of the Ford car discovered the same (the perilous situation) in such time before the accident happened as that they and each of them by the exercise of ordinary care could and should have prevented the injury by stopping or slowing up or turning the Ford in which they were driving."

We have not found in appellant's answer an assignment of negligence on the part either of Savanna King or of appellee's failure to turn the truck to the left and proceed on the north side of Front street or highway No. 1.

We think there was no error in refusing to give the charge.

What we have said above, and the charges given by the court, apply to other propositions submitted by appellant in assigning error to the court's failure to give certain requested charges.

■ Appellant submits error in the refusal of the court to give his requested special charge inquiring whether appellee undertook to reduce the speed of the truck after he saw the motortruck approaching, and, if not, whether such failure was negligence and a proximate contributing cause, or the sole proximate cause of the injury. The court had not submitted that particular issue elsewhere. As stated, appellant pleaded that appellee was negligent in not "slowing up." However, the court had submitted special issues Nos. 61 and 40, inquiring, respectively, whether, after the occupants of the Ford truck saw the bus driver pulling to the left, did they use ordinary care to avoid the collision, and did appellee fail to use ordinary care. The court had submitted special issue No. 54, inquiring whether it was negligence on the part of "the occupants of the Ford car to drive into Front street as they did." In special issues 68, 69, and 70, the court inquired, respectively, whether a person of ordinary prudence driving the truck would have stopped said truck, whether the failure to stop said truck was negligence, and whether the failure to stop said truck was a proximate cause of the injury.

The last three issues did not limit the inquiry to either Savanna King or to appellee, but it seems to include both, conceding, as contended by appellant, that it was appellee's duty to stop the truck.

■■ We think the court was not in error in refusing to submit appellant's requested charge No. 13, inquiring whether appellee, under the circumstances stated, should have anticipated that a collision might result, and appellant's submitted issue No. 30, inquiring whether (1) the truck, when entering Front street, turned or changed its course. (2) Did Savanna King first see that there was sufficient space for such movement to be made in safety? (3) If not, was such failure a contributing proximate cause of the injury? (4) Was such failure, if any, the sole proximate cause of the injury?

■ Also issue No. 33, inquiring whether Savanna King failed to keep control of the truck, and, if she failed to do so, was such failure a contributing proximate cause, and the sole proximate cause, of the injury?

We have not found in the record the submission of any issue of negligence of which such negligence would be the proximate or sole cause of the collision.

In the case of Davis v. Estes (Tex. Com. App.) 44 S.W.(2d) 952, to which we are referred, there was an act of negligence submitted in connection and reference to which the issue of proximate cause was referred.

The court had sufficiently submitted the issue of unavoidable accident, and it was not necessary to submit that issue in connection with any special issue.

The issue of unavoidable accident was submitted as follows: "Do you find from a preponderance of the evidence that the accident in controversy was other than unavoidable?"

The issue was not objectionable as placing "more burden than required by law."

We have found no reversible error, and the case is affirmed.