## CITY OF DENTON v. CHASTAIN et ux.
### No. 14294.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 21, 1941.

Bruce Davis, of Denton, for appellant.

R. B. Gambill of Denton, for appellees.

SPEER, Justice.

Plaintiff, City of Denton, instituted and prosecuted this condemnation proceeding against defendants B. F. Chastain and wife. An award was made by the jury in favor of defendants. Plaintiff, being dissatisfied, has appealed.

The State of Texas, acting through its Highway Commission and with Federal Aid, contracted to reroute and construct Highway No. 377 through the City of Denton and another part of Denton County. The City was to furnish right-of-way within its limits. Only a part of that within the City limits is involved here. In the vicinity of the property involved, the right-of-way did not follow previously designated streets, but extended in a northeasterly and southwesterly direction; the streets in that locality ran north and south. Defendants owned a lot, on which their home was situated, 320 feet north and south by 160 feet east and west, facing on the west side of Myrtle Street, which is a rather narrow unpaved street. Defendants' lot has considerably more elevation at its north end than at the south, there being a branch or water course near the south line. East of defendants' northeast corner, the new highway enters a considerable hill and requires a cut or excavation from which several thousand cubic yards of dirt must be removed, and as the highway extends southwest the road bed calls for a fill which begins at the cut and gradually increases in height until when it reaches defendants' southeast corner it is seven feet higher than the natural elevation of defendants' lot. The right-of-way is 100 feet wide and the pavement is to be 24 feet wide, with shoulders on either side slanting down to the edge of the right-of-way. It will be necessary to refer to other phases of the proposed structure as we discuss propositions presented by plaintiff's briefs.

The record discloses that the City of Denton passed suitable resolutions preparatory to condemnation, petitioned the County Judge of Denton County for the appointment of a Board of Commissioners; that the Board was appointed, qualified, acted, made their report with awards and recommendations; that the defendants filed their objections to the award and thereafter, within the time required by law, the case was placed on the County Court docket and was tried.

First proposition relied upon by plaintiff (appellant) is because the court permitted defendants' counsel to ask Mr. McMath, a witness for plaintiff, if he was not one of the Board of Commissioners appointed by the County Judge in this matter. Over plaintiff's objection the witness answered in the affirmative. We have seen no decision of our courts which holds that such proceedings present reversible error. We think it may be safely said that the award made by the Board has no place in the evidence when upon a trial before the court, after either party is dissatisfied with the award. Crystal City & U. R. Co. v. Boothe, Tex.Civ.App., 126 S.W. 700. The record discloses that this witness was asked about certain matters considered by the Board in making its award, but there was no objection made to that part of the testimony. We cannot see how knowledge of the jury that a witness was a member of the Board could affect the rights of either party. The jury must have known there was such a Board; in fact, there was

nothing before the jury which would apprise them of which party was dissatisfied with the award made by the Board. The point must be overruled.

■ Second point or proposition complains because of alleged remarks made by the trial court to and about plaintiff's counsel while making an argument to the jury. We find no bill of exception or other sanction of the trial court in the record that such a matter took place. Therefore we cannot consider it.

■ Third proposition complains of the admission of testimony as to the expense of moving defendants' house, because, as stated by counsel, there was no testimony that it was necessary to move it. It is true that no one testified that it was necessary to move the house, but there is undisputed evidence that immediately in front of the house as it now stands, the new highway will be on a fill or dump four or five feet higher than the ground upon which the house stands; that the new conditions will make the premises very unattractive for purposes of a home and will render it less valuable on the market; that the north end of defendants' lot is higher and that to remove the house from where it now stands to a point north, it will be farther from the elevated highway and still face on Myrtle Street as it had done in the past. The ultimate issue involved here is the difference, if any, between the market value of that part of the land not taken (which includes the house) immediately prior to and immediately after the appropriation by the City of the part taken. Defendants could not recover, as a separate item, the expense of moving the house, but such testimony was admissible as tending to show the highest value after all had been done to relieve it of the depreciation sustained by the construction of the elevated highway in such close proximity to the dwelling house. It has long been the rule in this State that if by the taking of a portion of one's land for public use it becomes necessary to build fences, construct gates, culverts and other things necessary to make the remainder usable and to prevent greater losses sustained by the appropriation of that part taken, evidence of such expenses thus incurred should be considered by the jury in fixing the amount of damages to that part not appropriated. Cook v. Eastland County, Tex. Civ.App., 260 S.W. 881; Pillot v. City of Houston, Tex.Civ.App., 51 S.W.2d 794, The assignment of error upon which the point is predicated is overruled.

■ Fourth, fifth and sixth points relied upon complain because the court permitted defendants to assume the burden of establishing their damages and to open and conclude the argument. Before the trial began defendants filed their admission of the right of plaintiff to recover, as disclosed by its petition, except insofar as it may be defeated by the facts of their answer. The admission is in the precise wording of Rule 31 for District and County Courts. The trial was had upon the basis of defendants' admission. They introduced their testimony first and opened and concluded the argument. Moreover, no objection or exception was taken by plaintiff to the procedure, and nothing is presented to us for review.

■ Seventh point is based upon the refusal of the court to permit plaintiff to inquire of Mr. Ritchie, a real estate dealer, by whom it had proven market values, what effect it would have on the market value of defendants' property if the Highway Department should fill in defendants' lot with waste dirt taken from the cut south of the premises. When upon objection the question and answer were excluded, an argument ensued between the attorneys and the court retired the jury. Plaintiff's counsel claimed that he had previously shown by the local engineer that the extra dirt could and would be placed on the premises if requested by defendants, and that he should be permitted to ask the witness what effect such acts would have on the value of the property. The witness on the stand apparently knew nothing about any arrangements or proposal to fill in and raise the elevation of the lot. In the absence of the jury the court told counsel to offer any evidence he desired to complete his bill of exception, but none was offered. Counsel relied upon what he claimed to have been testified by the local engineer, Cawthon. By reference to the testimony of that witness we find that he was asked whether or not it would be convenient for the contractor to waste the dirt from "Gough Hill" on the property of defendants, if application should be made therefor. Upon objection sustained by the court, the question was not answered, nor was there an exception taken to the ruling of the court. It appears to us that plaintiff's

bill of exception is incomplete and shows no error of the court for which the judgment should be reversed.

■ Eighth proposition complains of a proposal made during the trial in the presence of the jury to the effect that the jury be permitted to visit the premises and inspect the whole situation. We pause here to say that if the point had been properly preserved in the record, there is little doubt that reversible error was committed. Woodrum Truck Lines v. Bailey, Tex.Com.App., 57 S.W.2d 92. But in the instant case no objection or exception to the proposal was made by plaintiff, nor did the trial court act thereon in any way. Some time later during the trial, plaintiff's counsel moved the court that the jury be instructed not to consider, during their deliberations, the proposal of defendant's counsel that the jury view the premises. The court then and there so instructed the jury. In plaintiff's motion for new trial it complained that the court had refused to so instruct the jury and for this reason sought a new trial. The complaint now presented is that even though the court did give the instruction requested, the harm was not thus removed and fundamental error is apparent. At no time did plaintiff request that a mistrial be declared, but as stated above, only requested the instruction not to consider the proposal. Plaintiff got everything it asked of the court. A party may not speculate upon the result of a jury verdict and complain for the first time when it is returned against him. The ground for new trial urged by plaintiff did not remotely raise the point urged before us and must be considered as waived. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270. Under authority of the rule announced in the above cited case, we think it fundamental that an appealing party is relegated to and bound by the ground for new trial set up in his motion. The assignment of error need not be in the same language as that contained in the motion, but the substance must be the same. The assignment may be a reconstruction of the point presented in the motion for new trial but may not be of such nature as to raise a point not disclosed by the motion. One cannot enlarge by an assignment of error or supporting proposition the point complained of in the motion, to such an extent that an entirely new issue is raised. Texas Indemnity Insurance Co. v. Godsey, Tex.Civ.App., 143 S. W.2d 639, writ refused; Le Sage v. Smith,

Tex.Civ.App., 145 S.W.2d 308, writ dismissed, correct judgment; Traders & General Insurance Co. v. Turner, Tex.Civ.App., 149 S.W.2d 593, writ dismissed, correct judgment.

■ Ninth, tenth and eleventh propositions complain because no explanations were given by the court in connection with the Special Issues to guide the jury in arriving at the measure of damages for the tract appropriated and the part remaining, and in this connection it is argued that the Special Issue which inquired about the value of the part appropriated should have been limited to its value as severed land. That Special Issue did not in fact contain such limitation as recommended by the Commission of Appeals in the case of State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194, 979, but no objection was presented by plaintiff to the charge, and it must be considered as having been waived. Article 2185, R.C.S.

For the reasons stated, no reversible error is presented by the record and the judgment of the trial court is affirmed.