**WILLIAMS v. PATTERSON.**
No. 5990.

Court of Civil Appeals of Texas. Texarkana.
Feb. 11, 1943.

· T. C. Hutchings, of Mt. Pleasant, and B. F. Whitworth, of Linden, for appellant.

Boyet Stevens, of Daingerfield, for appellee.

JOHNSON, Chief Justice.

This is an action of trespass to try title to 66¼ acres of land in Morris County, brought by Q. B. Patterson against Isabella Williams. Defendant answered by plea of not guilty, plea of forgery of a deed purported to be executed by her conveying the land to her son, R. A. Williams, who later conveyed the land to plaintiff. Defendant further alleged that if she did in fact execute the deed conveying the land to R. A. Williams, that the same was procured by fraud practiced upon her by the notary public who took her acknowledgments, by representations that it was a deed of trust. By supplemental petition plaintiff denied the allegations in defendant's answer and alleged that he was a bona fide purchaser for value of the land from R. A. Williams. The case was submitted to the jury upon six special issues. Three of the issues were answered by the jury and three were not answered. In answer to special issues 1a, 4 and 5, the jury found that the defendant did execute the deed in question conveying the land to R. A. Williams; and that the notary public taking her acknowledgments to the deed was not acting for or on behalf of plaintiff when he made the alleged fraudulent representations to her, if any were made by him; and that at the time plaintiff purchased the land from R. A. Williams plaintiff had no notice of any right or claim of the defendant. The jury failed to answer questions 1, 2 and 3, inquiring whether the notary public represented to defendant at the time she executed said deed to R. A. Williams that it was a deed of trust; and as to whether defendant relied upon such representations, if any were made; and as to whether such representations, if any, induced her to sign the deed. On motion of plaintiff judgment was rendered in his favor against defendant on the verdict. Defendant's motion for new trial was overruled and she has appealed.

Appellant's first point complains of an alleged error, not fundamental, which was not assigned or in any manner set forth in her motion for new trial, and for that reason must be considered as waived by appellant.

Appellant's second, third, and fourth points raise the contention that the trial court erred in rendering judgment upon the verdict of the jury, because the jury failed to answer questions 1, 2 and 3, above stated. We are unable to sustain the

contention. The jury's answers to questions 1a, 4 and 5, above stated, entitled appellee to recover upon his plea of innocent purchaser without notice, regardless of whether the notary had practiced the alleged fraud upon appellant as inquired of in questions 1, 2 and 3. It is not essential to the validity of a verdict that all the issues submitted be answered, if those that are answered compel rendition of the judgment entered. 41 T. J. 1220, Sec. 356 et seq.

Appellant's fifth point complains of the action of the trial court in sustaining appellee's objection to a question propounded by appellant to appellee upon trial of the case, in substance inquiring as to whether appellee had been informed by one Fred Heath of the alleged fraud practiced by the notary public upon appellant. The conversation so inquired about between appellee and Heath is shown to have occurred after appellant had conveyed the land to R. A. Williams and after R. A. Williams had conveyed it to appellee. Whether appellee was informed of the alleged fraud after the land had been conveyed to him was immaterial. No error is shown in the action of the court complained of.

The judgment of the trial court will be affirmed.