### COLLS et al. v. PRICE'S CREAM-ERIES, Inc.

### No. 4840.

Court of Civil Appeals of Texas. El Paso.

Nov. 28, 1951.

Rehearing Denied Dec. 19, 1951.

Cunningham & Malone, El Paso, for appellant.

Kemp, Smith, Brown, Goggin & White and W. C. Snow, all of El Paso, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the District Court of El Paso County, 41st Judicial District. Linda R. Colls, a minor approximately three years of age, suing by her next friend, Charles R. Colls, as plaintiff, sought to recover damages from Price's Creameries, Inc., defendant, for personal injuries received by her when she was struck by a milk truck owned by defendant and operated by its employee. The accident occurred on December 9, 1950, on Bliss Street near its intersection with Houston Street in the City of El Paso. Trial was to a jury and the cause submitted on special issues. On the jury's verdict answering certain questions the court rendered judgment that plaintiff take nothing and that defendant recover of her its costs. Plaintiff has duly perfected her appeal.

The parties will be referred to as they were designated in the trial court. Except as hereinafter mentioned, no reference to the pleadings is deemed necessary.

The jury answered: (3) that prior to the accident the brakes on defendant's truck were defective; (4) that they did not find that the defendant in the exercise of ordi-

nary care should have discovered the defective condition of the brakes in time to have avoided the accident; (5) that they did not find that the operation by defendant's driver of defendant's truck just prior to the accident with defective brakes was negligence; (7) that they did not find that the failure of the driver of defendant's truck just prior to the accident to sound the horn with which said truck was equipped was negligence. They did not answer question No. (9), which inquired whether they found from a preponderance of the evidence that the accident in question was not the result of an unavoidable accident; (10) that they did not find that the failure of Mrs. Charles R. Colls just prior to the accident to prevent her child, Linda R. Colls, from going into Bliss Street in the path of defendant's truck was the sole proximate cause of the accident, and (11) damages in the sum of $17,500.

Appellant has presented thirty points on which she seeks a reversal. Many of these points assert misconduct by the jury, the bailiff and the court, which entitle plaintiff to a new trial. We shall first consider these points.

The following is reflected by the plaintiff's bill of exception No. 1, as qualified by the court: The jury retired to consider their verdict at 11:30 A.M. April 13, 1951. After deliberating approximately an hour they had lunch and resumed their deliberations at about 1:30 P.M. About 4:30 P.M. they delivered to the Bailiff the following written communication:

"We are *divided* on question No. 9—Arguments have been going on for 2½ hours. Should we leave this question unanswered and continue with the others?

"/s/ J, E, Davis, Jr., Foreman."

The Bailiff delivered this communication to the Judge, who phoned counsel for both parties and counsel came to the judge's office and the court stated to them that he had received a written communication from the jury through the Bailiff, and showed the above note to them. At this time plaintiff's counsel objected to question No. 9 and the definition given in connection therewith, because there was no evidence

of unavoidable accident and the definition was too restricted because limited to the acts of Linda R. Colls and defendant, whereas it should include Mrs. Colls or any person whether a party to the suit or not. These objections were presented to the court, were overruled, and plaintiff excepted. Thereafter, in reply to the written communication the court sent the following written instruction to the jury, through the Bailiff:

"Your communication inquiring 'We are divided on Question No. 9—Arguments have been going on for 2½ hours. Should we leave this question unanswered and continue with the others? J. E. Davis, Jr., Foreman', received. In connection therewith you are instructed as follows: No. /s/ David E. Mulcahy, Judge."

The jury was kept together through the night. At nine o'clock A.M. April 14, 1951, they delivered to the Bailiff the following written communication:

"Hon. Judge 41st District Court: After hours of sincere deliberation, it is the opinion of all the Jurors that we *cannot* come to a unanimous decisioin on question No. 9. /s/ J. E. Davis, Jr., Foreman."

The Bailiff delivered this communication to the court, and the court prepared the following written instruction:

"Your communication received which is as follows: 'Hon. Judge 41st District Court: After hours of sincere deliberation it is the opinion of all of the Jurors that we *can not* come to a unanimous decision on Question No. 9.

"/s/ J. E. Davis, Jr., Foreman.'

"In connection therewith, you are instructed as follows: You will consider further of your verdict and answer such questions as you may be able to agree upon by unanimous vote and leave unanswered those questions upon which you cannot so agree.

"/s/ David E. Mulcahy,
Judge."

The court then phoned counsel for both parties, who came to the District Court room where in the absence of the jury the court informed counsel that the jury had written the court a note and that the court

had prepared a written instruction to the jury in reply thereto. The court then showed counsel the above communication, and instruction in reply thereto, and informed counsel of his intention to give such instruction to the jury. In qualifying plaintiff's Bill of Exception, the court states:

"1. At the time the first written question of the Jury referred to was received from the Jury and the Answer thereto prepared by the Court, Attorneys for both Plaintiff and Defendants were asked whether they wanted the Jury brought into open court to be given the reply and attorneys for both parties expressly waived such requirement and agreed that the written instruction should be delivered by the Bailiff to the Jury without bringing the Jury into the Courtroom.

"2. When the Court received the second written question from the Jury, through the Bailiff, counsel on both sides were notified, and appeared in open Court. The communication from the Jury was shown to them, no objection was made to the manner in which the communication was received from the Jury or of the failure to have the Jury brought into open Court, Counsel for Defendant requested the Court to receive a partial verdict. Counsel for Plaintiff objected to receiving a partial verdict and to any instructions to the jury that would result in a partial verdict, and particularly objected to the Second instruction to the jury which authorized a partial verdict. Plaintiff was expressly allowed the opportunity to prepare a full bill of exceptions later, setting forth the reasons and grounds forming the basis of his exceptions. Counsel for Plaintiff requested leave to reargue the case before the Jury, which request was denied and Plaintiff excepted. Counsel for Plaintiff and Counsel for Defendant expressly waived bringing the jury into the Courtroom, and agreed that the Bailiff might deliver the written instruction to the foreman at the door of the Jury room. No motion for mistrial was made. The scope of Plaintiff's exceptions included but was limited to any objections which Plaintiff had to the content of the second communication from the Jury,

and to the instruction of the Court to the Jury in response to same. * * *.

"3. In the Court's main charge to the Jury the Court instructed the Jury as follows: 'In your deliberation if you require any further instructions from the Court, put your request in writing and give it to the Bailiff at the door of the Jury room, to be handed to the court.' Counsel for the Plaintiff took no exceptions to such instruction.

"4. At the time the second instruction was delivered to the jury the Jury had not answered Questions 9, 10, and 11, but had answered Questions 3, 4, 5 and 7."

Based on the foregoing, Appellant asserts error which entitled her to a new trial because the jury, Bailiff and the Judge were guilty of misconduct and violated Texas Rules of Civil Procedure in that the jury delivered the first note to the Bailiff at about 4:30 P.M. on April 13, and the Bailiff delivered the note to the Judge and the Judge showed it to counsel for plaintiff and defendant, all in violation of Rules 283, 285 and 286, T.R.C.P., and for like reason the jury, the Bailiff and the Judge were guilty of misconduct and violated the rules with reference to the second note, which was delivered by the Jury to the Bailiff about 9 o'clock A.M. April 14, and by the Bailiff delivered to the Judge, and by the Judge shown to counsel.

Points are also made that the court erred in overruling plaintiff's objections to the Jury's second communication and the court's written instruction in reply thereto on April 14, 1951; and in refusing to permit additional argument on the additional written instruction given April 14, 1951, and in entering judgment on the verdict because it was incomplete.

From a careful reading of Rules 283, 285 and 286 it is at once apparent that the court's instruction in his main charge as to the procedure the jury should follow if they required further instruction, is a departure from Rules 285 and 286 and calls for a communication from the Jury prohibited by Rule 283. Plaintiff made no objection to this portion of the charge, nor as shown by the court's qualification

to her bill of exception did she object to the manner in which either of the communications was received from the Jury or of the failure to have the Jury brought into open court to make the communications, as provided by Rules 285 and 286, nor did she object to the action of the court in showing the Jury's communications to counsel, nor to the court's answer to the first communication or to the manner in which the answer to either communication was delivered to the jury. To the contrary, she expressly waived bringing the Jury into the Courtroom and expressly agreed that the Bailiff might deliver the written instruction in reply to the second communication to the Foreman at the door of the Jury room. In the absence of such objection and exception to the ruling of the court thereon the error asserted was waived and is not before us for review and we cannot consider it. Tex.Jur. 3–A, p. 196, Sec. 155; Traders & General Ins. Co. v. Collins, Tex.Civ.App., 179 S.W.2d 525, loc. cit. 532 (13) and authorities there cited, wr. ref. w. m.; Cloudt v. Hutcherson, Tex. Civ.App., 175 S.W.2d 643, loc. cit. 648 (5, 6), w. r. w. m.; Southland Greyhound Lines, Inc., v. King, Tex.Civ.App., 77 S.W.2d 281, loc. cit. 282 (3), wr. dis. judgment correct; Holden v. Gibbons, Tex.Civ.App., 101 S.W. 2d 837, loc. cit. 842 (12) no writ history.

Furthermore, as shown by the court's qualifications to plaintiff's bill of exception, plaintiff at no time prior to the return of the verdict moved for a mistrial. That she could not speculate on the result of the verdict and then for the first time complain of misconduct of the Jury, Bailiff and court when the verdict went against her is, we think, well settled. Cloudt v. Hutcherson, supra; City of Denton v. Chastain, Tex.Civ. App., 156 S.W.2d 554, loc. cit. 557 (8), no writ history.

■ Appellant earnestly insists that the two notes communicated the state of the jury's deliberations before their verdict was rendered and were therefore in violation of Rule 283, and that the court erred in overruling her objections thereto on this ground. Apart from plaintiff's failure to move for a mistrial on this ground we think the opinion of the Supreme Court in the recent case of Foreman v. Texas Employers Ins. Ass'n, 241 S.W.2d 977, 979 answers this contention adversely to appellant. The court did not err in overruling plaintiff's objections to the written instruction given in reply to the jury's second communication. This instruction authorized the jury to return a partial verdict. The objection was that the instruction conflicts with the instructions of the court's main charge and first written instruction in reply to the Jury's first communication, of April 13th, and in effect instructs the Jury that they could leave unanswered an issue which would make it impossible for plaintiff to recover. The applicable Rule is thus stated in 41 T. J. p. 1220, Sec. 356: "If the jury report that they have answered part of the issues but are unable to agree upon the answer to some of them, then it becomes the duty of the judge, if he regards the jury as hopelessly hung, to instruct them to answer such questions as they are able to answer, to sign and return their verdict, and, if on examination it be found that they had answered sufficient questions to support a judgment, a mistrial will be averted." * * * See also Powers v. Standard Accident Ins. Co., Tex.Civ. App., 188 S.W.2d 239, loc. cit. 241, reversed on other grounds, 144 Tex. 415, 191 S.W.2d 7, 8; Cannon Ball Motor Freight Lines v. Grasso, Tex.Civ.App., 59 S.W.2d 337, loc. cit. 339, affirmed 125 Tex. 154, 81 S.W.2d 482; Varn v. Gonzales, Tex.Civ.App., 193 S.W. 1132, loc. cit. 1136 (14), reversed on other grounds, Tex.Com.App., 222 S.W. 543. The contents of the second communication was such as to justify the court in concluding that the jury was unable to agree on question No. 9 and was hopelessly hung on this question. The rule quoted therefore became applicable regardless of whether the jury's failure to answer this question would bar a recovery by plaintiff.

■ We think the court did not abuse the discretion expressly vested in him by Rule 286 in refusing appellant's request to reargue question No. 9. The discretion conferred by the Rule is necessarily a broad one, and a clear abuse thereof is not shown by the bill of exception here.

■ The verdict without an answer to question No. 9 was sufficient to require a

judgment for the defendant. Williams v. Patterson, Tex.Civ.App., 170 S.W.2d 269 (2, 3), citing 41 T. J. p. 1220, Sec. 356 et seq., no writ history.

We overrule all of appellants points above discussed. They are numbers XII to XXV inclusive, and XXVII and XXVIII. Point No. IX complains of the court's action in overruling plaintiff's exception to question No. 9. Plaintiff's objection to this question was not made prior to the time when the main charge was read to the jury, and any objection thereto was therefore waived. The objection made when the jury's first communication was received by the court came too late.

Point XXVI is that the answer to question No. 5 is unsupported by the evidence and that this question should not have been submitted, since the operation of defendant's truck with defective brakes was negligence per se and the jury should have been unconditionally instructed to answer question No. 6 relating to proximate cause.

The evidence was sufficient to support the jury's answer to question No. 5 on the theory that the brakes on defendant's truck were defective because the lining was worn, but that defendant could not in the exercise of ordinary care have discovered this defect prior to the accident. There is no showing that the defective brakes did not measure up to the standard required by Section 9, Art. 827a, Vernon's Annotated Penal Code, or their performance ability to requirements of Art. 6701d, § 132(b), Vernon's Ann.Civ.St. Therefore, the operation of defendant's truck with defective brakes, as found by the jury, did not show a violation of Art. 799, Penal Code, and constitute negligence per se as urged by appellant. In any event, plaintiff by failing to object to the conditional submission of question No. 6 waived her right to jury trial of this unanswered issue on proximate cause, and this issue must be taken as having been answered by the court in such manner as to support the judgment. Rule 279, T. R. C. P. Little Rock Furniture Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Anderson v. Broome, Tex.Civ.App., 233 S.W.2d 901, w. r. n. r. e.; Balcomb v. Vasquez, Tex.

Civ.App., 241 S.W.2d 650, loc. cit. 657, w. r. n. r. e. Point XXVI is overruled.

Appellant's point No. XXIX is that the jury's answers to questions No. 5 and 10 are in irreconcilable conflict because of their failure to answer question No. 9. This is a rather novel proposition, i. e., that there is an irreconcilable conflict between answers to two issues because of failure to answer another issue. When considered without reference to question No. 9 there is no conflict between the answers to question No. 5 and question No. 10. The neglect of Mrs. Colls must have concurred with the action of the child in running into the street in order to have caused the accident. Therefore, such neglect could not have been the sole proximate cause thereof. Kuemmel v. Vradenburg, Tex.Civ.App., 239 S.W.2d 869, loc. cit. 880, concurring opinion of Mr. Justice Norvell, w. r. n. r. e.

This is so whether Mrs. Coll's failure to prevent the child from going into Bliss Street was negligence or not. Therefore, even though question No. 9 had been answered to effect that the accident was not unavoidable, there would have been no irreconcilable conflict between the answers to questions Nos. 5 and 10, and a fortiori there is no conflict where the jury failed to answer question No. 9. This point is overruled. Also, since the jury did not find the defendant guilty of any act of negligence and their verdict is sustained by the evidence, no injustice was done, notwithstanding plaintiff's serious injuries. Appellant's point No. xxx is therefore overruled.

When the officer Aumen was under cross examination by defendant's attorney he was asked: "Were you the policeman that the little girl—another little girl came up to and made some statement about not arresting the driver of the car because it was not his fault?"

Objection was made on the ground that the question was immaterial and irrelevant and counsel was testifying to something about which there was not evidence, and that even if such statement were made it would be inadmissible. The objection was overruled and exceptiton taken, and the

officer answered: "No little girl said that to me."

The further question: "Did you hear her say it to one of the other officers?" and the answer "No. sir, I did not."

When officer Maupin was under cross examination by defendant's counsel he was asked: "Are you the police officer that the little girl came out and grabbed hold of and said 'Don't arrest the driver of the truck, it was not his fault'?" objection on the same ground, and further that it was hearsay, which was overruled. The officer then answered: "No, sir, I am not. I do believe I heard that."

Plaintiff's counsel moved that that statement be excluded on the ground that it was hearsay and the court excluded the testimony and instructed the jury not to consider it for any purpose. The same question was asked officer Phillips on cross examination by defendant's counsel, and objection thereto was sustained. Again, when Mrs. Vera G. Treece, a witness for defendant, was on the stand, she was asked by defendant's counsel on direct examination, after stating that she had two children with her on the date of the accident: "Now after the accident was over and the police arrived, did your child have any comment to make to the police about the situation?" an objection to this question was sustained. Appellant's Point II is that she is entitled to a new trial because the court erred in admitting in evidence a statement made by a little girl at the time of the accident to effect that the little girl pulled a policeman's arm and said in substance: "Don't give Murga, the driver of the truck, a ticket, as the accident was not his fault." and Point IV because Mrs. Treece was permitted to testify in substance that it was her little girl at the time of the accident who had made such statement. It will be observed from the record above quoted that the statement was not admitted as evidence and that Mrs. Treece was not permitted to testify to such statement; therefore appellant's points II and IV are not supported by the record and these points are overruled.

By her points Nos. III, V, VI, VII and VIII appellant urges that she was entitled to a new trial because of the misconduct of defendant's counsel in his persistent questioning of several witnesses about the little girl at the scene of the accident pulling a policeman's arm and stating in substance not to give Murga, the driver of the truck, a ticket, as the accident was not his fault. The information solicited by the questions was clearly inadmissible since even if it were a part of the res gestae it was hearsay. Although plaintiff did not object on this ground, she did object because the testimony was immaterial and irrelevant and the question based on facts not in evidence. This objection was sufficient and the court erred in not sustaining the objection to the question propounded by defendant's counsel to officer Aumen. When the same question was asked officer Maupin the court again erred in overruling plaintiff's objection thereto, but upon the officer's answer that he believed that he had heard such statement the answer was excluded and the jury instructed not to consider the officer's statement for any purpose. When counsel again asked officer Phillips the same question, objection thereto was sustained. In view of the fact that this was the first time the court had sustained the objection to the question although he had excluded the answer of officer Maupin thereto, counsel for defendant was not guilty of misconduct in asking the question. Even though the court was in error in overruling plaintiff's counsel's prior objections to the question, the error was harmless because of the answer of officer Aumen to effect that he had not heard such a statement, and the court's exclusion and instruction not to consider for any purpose the answer of officer Maupin. The question propounded to Mrs. Treece did not state the substance of any statement of her daughter, and since objection thereto was promptly sustained reversible error was not committed. Generally the mere asking of an improper question by counsel is held not to be reversible error.

41 T.J., p. 744, Sec. 38. The mere suggestion that a small child had concluded that the accident was not the truck driver's fault, it seems to us in view of the court's instruction could not prejudice plaintiff.

Furthermore, plaintiff did not move for a mistrial, but was apparently perfectly willing to speculate on the effect, if any, that such suggestion may have had on the jury. She should not now be heard to complain. Cloudt v. Hutcherson, and City of Denton v. Chastain, supra. We overrule these points.

Point XI is that the court erred in admitting testimony of Mrs. Vera Treece, a witness for defendant, to effect that Murga, the driver of the truck, could not have done anything to avoid the accident. The following appears from the record:

Mrs. Treece had testified that she was standing on the sidewalk in front of the church facing the street when she noticed Linda Colls running into the street; that there were cars parked on both sides of the street; that Linda was skipping rather quickly across the street; that at the time she saw Linda in the street the truck was close to her and that the truck was going slowly; that she saw the truck strike the child and that the truck made a quick stop; that she did not know how far the truck was from the child when she first saw the truck, but that she would estimate it as being about four or five feet. She stated that she drives an automobile. Defendant's counsel then asked her the following question: "Judging from what you saw when the child ran—when you saw the child go into the street and you saw the position of the truck and you saw everything else that was there, state whether or not in your opinion there was anything else the driver could have done that he did not do to avoid striking this child?"

Plaintiff's counsel objected on the ground that the question called for a conclusion of the witness. The objection was overruled and plaintiff excepted, and the witness answered: "He stopped faster than I could have, I believe."

On cross examination by plaintiff's counsel Mrs. Treece was asked if she thought the truck could have stopped sooner if it had had brakes on it and she answered that "He could not have stopped sooner."

 No objection was made to her answer on direct or cross examination. It must be conceded that the testimony solicited by the question was a conclusion of the witness. However, appellee contends that the question was proper and the answer called for was admissible because the facts were so numerous, complicated or evanescent that they could not be communicated to the minds of the jurors by words or gestures in such a manner as to give them the knowledge possessed by the witness, and that in such cases the conclusion of a lay witness is admissible, citing Missouri Pacific Ry. Co. v. Jarrard, 65 Tex. 560; Aetna Life Ins. Co. v. Robinson, Tex.Civ.App., 262 S.W. 118, loc. cit. 121(6), modified and affirmed, Tex.Com.App., 276 S.W. 900, and other authorities. Aetna Life Ins. Co. v. Robinson was cited with approval, and the rule therein enunciated was applied by the Supreme Court in City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954, loc. cit. 960, 159 A.L.R. 125. That rule is thus succinctly stated in Texas Law of Evidence, McCormick & Ray, p. 790, Sec. 629: "The opinion is admissible when the facts are so numerous, complicated or evanescent that they cannot be communicated to the minds of the jurors by words or gestures in such a manner as to give them the knowledge possessed by the witness. An opinion receivable under these circumstances is frequently termed a 'shorthand rendering of facts'," citing Cooper v. State, 23 Tex. 331, in which it is said: "Here is a statement of the true reason, why the opinions of witnesses may be given to a jury, upon questions not involving skill and science. It is, because witnesses have a knowledge of the thing about which they speak, and have acquired that knowledge in a manner which cannot be communicated, or from facts incapable, in their very nature, of being explained to others, that they may state what they know, in the best way they can. This best way is by giving, in the form of an opinion, that which cannot be put in the form of explanation, or narration."

 We think this rule, which is an exception to the general rule which excludes the opinions of lay witnesses, has no application to the facts of this case. The facts and circumstances surrounding the accident were not so numerous, complicated

or evanescent that they could not be so pictured to the jury that the jurors could be put in as good a position to draw their conclusion therefrom as the witness. The testimony of Mrs. Treece above outlined pictured the scene of the accident and surrounding circumstances accurately from her standpoint, and the question propounded to her in effect sought to have her rather than the jury try the case. The defendant's objection to the question should have been sustained and the court erred in overruling it. However, we have concluded that this error was harmless and does not require a reversal. The questions submitted relevant to defendant's negligence were: (4) Inquiring whether defendant should in the exercise of ordinary care have discovered the defective condition of the brakes in time to have avoided the accident; (5) whether the operation by defendant's driver of the truck just prior to the accident with defective brakes was negligent; and (7) whether the failure of the driver just prior to the accident to sound the horn with which the truck was equipped was negligence. The answer given by the witness "He stopped faster than I could, I believe", was not entirely responsive to the question asked. We think it had no bearing on any of the issues of negligence which were submitted. Therefore, although a conclusion and as such inadmissible, appellant could not have been prejudiced thereby. Furthermore, the plaintiff made no motion to strike the answer and on cross examination counsel solicited from the witness a similar conclusion: "He could not have stopped sooner?", hence if the answer could have had any prejudicial effect she waived the error. Trinity & B. V. Ry. Co. v. Johnson, 62 Tex.Civ.App. 605, 131 S.W. 1137 (4); McKee v. Reed, Tex.Civ.App., 166 S.W.2d 353, 355, loc. cit. 358(3), w.r.w.m.; Barton v. Bailey, Tex.Civ.App., 202 S.W.2d 277, loc. cit, 284(13) w. r. n. r. e. We overrule this point.

Point No. I is that plaintiff is entitled to a new trial because the court erred in overruling her exceptions to paragraph II of defendant's first amended original answer. This paragraph alleged that the injuries complained of were proximately caused by the negligence of Mrs. Charles R. Colls, the mother of plaintiff, in that she (1) failed to keep a proper lookout for the safety of her child (2) failed to keep the child under proper control (3) negligently permitted the child to escape from her control and suddenly dart into the street directly into the path of defendant's truck, (4) took the child outside of the church where she had been confined from 9 A. M. until 11 A. M. where a large crowd was milling around on the sidewalk under circumstances calculated to excite the child, and failed to hold onto the child's hand, (5) after seeing the child on the curbing failed to go to her and take physical control of her, (6) called to a sister of the child and instructed her to go after the child rather than to go after her herself. The exception was that as a matter of law any negligence on the part of her mother cannot be imputed to the child, and that such negligence of Mrs. Colls cannot be the sole proximate cause of the accident. Point X is that appellant is entitled to a new trial because the court erred in overruling plaintiff's exception to question No. 10, which inquired whether the failure of Mrs. Charles R. Colls to prevent her child, Linda, from going into Bliss Street in the path of defendant's truck was the sole proximate cause of the accident, over plaintiff's objection that such question assumed that the failure of Mrs. Colls just prior to the accident to prevent her child from going into Bliss Street was negligence, and because as a matter of law the negligence of the mother could not be imputed to the child and could not be the sole proximate cause of the accident.

Under the majority holding in Kuemmel v. Vradenburg, supra, the exceptions should have been sustained, and question No. 10 should not have been submitted. However, in view of the jury's answer to question No. 10 we think appellant was in no way prejudiced by these errors. They were harmless and do not require a reversal.

The judgment is affirmed.