## STATE v. LOWRIE et ux.
### No. 7802.

Court of Civil Appeals of Texas. Austin.
Jan. 4, 1933.

Rehearing Denied in Part and in Part Granted Jan. 25, 1933.

Critz & Woodward, of Coleman, for the State.

W. Marcus Weatherred, of Coleman, for appellee.

## BAUGH, J.

The state, acting by and through the commissioners' court of Coleman county, sought to condemn a right of way for state highway No. 7 across appellees' lands in that county. Commissioners were appointed as provided by law, and appellees presented to them their claim for $1,451 for the 2.02 acres taken and damages to the remainder. The commissioners awarded them $500. Appellees were dissatisfied with this award, filed their objections in the county court, where a trial was had before a jury, and, in response to special issues submitted, they awarded appellees $350 for the lands taken and $400 as damages to the remainder. Judgment was entered accordingly, and the state has appealed.

Appellant's first contention is that the trial court should have sustained its objections to appellees' amended claim, filed in county court, on the ground that it enlarged and varied that presented by them to the commissioners. We do not sustain this contention. We find nothing in the statutes under which such proceedings are had (title 52, R. S. 1925, arts. 3264 to 3271; Acts 3d Called Sess., 41st Leg. (1929) p. 243, c. 10) which either requires or contemplates that the property owner shall file any claim at all with the commissioners. On the contrary, the law affirmatively requires such commissioners to find the value of the property taken and the damage, if any, to the remainder. In the trial, therefore, in the county court on these issues, the property owner was entitled to claim in that proceeding such damages as the law authorizes, regardless of the amount claimed before the Commissioners, or whether any claim at all for a fixed amount had been presented to the commissioners. That being true, he would not be confined to such claims, if any, as he did file with the commissioners.

In any event there was no material variance between the claim presented to the commissioners and that subsequently pleaded. The only damages authorized are the value of the lands taken and the damages, if any, to the remainder. While appellee in his claim before the commissioners listed the 2.02 acres at $101, he also asked $150 for a tank destroyed thereon, and $250 for the value of trees destroyed on said land. All of these were, of course, a part of the realty itself, and as such added to its value. And the mere fact that such items were listed separately in the claim before the commissioners, and pleaded in the aggregate in the suit as the value of said 2.02 acres of land, is immaterial.

Propositions 2, 3, and 4 complain of the trial court's action in permitting the appellee to testify over objection as to the

678

market value of the cistern, the storm cellar, and the tank located upon the premises. This was clearly erroneous. In the very nature of things these improvements were such that they could not have a separate market value. Had all been destroyed, the cost of digging others of similar nature, if same could be done on the premises, might have been a proper inquiry. But the storm cellar and cistern were unmolested. The record discloses that appellee owned 80 acres of land. That the highway ran diagonally across one corner of it, destroyed his surface tank and some large shade trees, cut off about 4¾ acres on which were located his improvements, and that his farm and pasture were across the highway from his residence, lots, barns, etc. The value of the tank as a water supply for his entire premises would of course be a proper consideration in arriving at the damages, if any, to the entire tract. Or, if the tank could be replaced elsewhere on the premises so as to serve the same purpose, and with adequate drainage facilities, the cost of digging another of similar size could be proven. The value or cost of construction of the cistern and storm cellar, which were undisturbed, was wholly immaterial. The issue was whether the fact that the highway separated these, along with the other improvements, from the main body of appellees' lands, thereby diminished the reasonable market value of lands remaining after the actual roadway had been condemned. And, in determining that question, the dangers and inconvenience of crossing such highway and living in immediate proximity to it, would, of course, be elements entitled to consideration.

It was also error, we think, to permit appellee to prove the reasonable cost of moving his house across the highway. If replacing, by reconstruction or removal, of all his improvements on the opposite side of the highway, was necessary to obviate any damage to the remainder of his land, such cost might be a proper inquiry on the issue of diminished market value resulting from the construction of the highway. This was not the basis, however, on which he sought damages to the lands not taken, but rather the diminished value due to partition of his land by the highway and the loss, inconvenience, and damages resulting from the use of his premises with the improvements remaining on one side of the highway, while the major portion of his lands were situated on the other.

 While the inquiries submitted to the jury properly presented the issues made—that is, the value of the land taken, and the damages to the remainder—and other testimony was introduced on these issues, because the court admitted the foregoing incompetent evidence over objection, it is not improbable that the jury understood that they were to consider, and probably did consider, such items as

the value of the cistern and storm cellar, and the cost of moving the house, in reaching their verdict. We cannot say, therefore, that the error was harmless. And the fact that there was other competent evidence sufficient to sustain the jury's findings does not cure the error.

 It was not error to exclude proffered testimony that post oak land was not considered the best land in the country. Witnesses as to market value knew this particular land and knew that it was post oak land. Their testimony was as to the market value of the particular tract, not as to lands generally in that community. It would be immaterial, therefore, as to whether other and different kinds of land were more or less valuable than the land in controversy.

For the errors pointed out, the judgment of the trial court must be reversed, and the cause remanded for another trial.

Reversed and remanded.

On Motion for Rehearing.

 We have concluded that we were in error in holding that appellees were not entitled to prove the cost of removing their improvements across the road as an item that the jury might consider in arriving at the damages to the lands of appellees not taken. The cases cited by appellee in his motion for rehearing are clearly in point on this issue. The other testimony discussed in our original opinion was, however, in our opinion, clearly erroneous, violative of elementary rules of evidence, and such as to require a reversal of the case. To this extent appellees' motion is granted; in all other respects it is overruled.

Granted in part, and in part overruled.