## BEXAR COUNTY v. FALBO et ux.
## No. 2642.

Court of Civil Appeals of Texas. Eastland.

April 16, 1948.

Rehearing Denied May 7, 1948.

William N. Hensley, Criminal Dist. Atty., of San Antonio, for appellant.

Lang, Byrd, Cross & Ladon, of San Antonio, for appellees.

GRISSOM, Chief Justice.

Bexar County sued Gilbert Falbo and wife for the purpose of condemning a strip of land off of the front of a tract of approximately three acres on which the Falbo home is situated. The purpose of the suit was to widen a highway known as the Bandera Road. On the strip condemned, approximately 13 feet wide across the front yard of the Falbo home, was situated an ornate cutstone fence with grilled iron gateways at entrances to sidewalks and automobile drives. An electric line was installed in the fence and electric lights were spaced along its top. Against and adjacent to the fence were planted many trees and expensive shrubs and bushes on the strip condemned. A water sprinkler system was also on said strip. Special issues submitted and the jury's answers thereto are as follows:

"Question No. 1: From the preponderance of the evidence, what do you find was the market value of the strip of land condemned by the county for highway purposes at the time it was condemned, considered as severed land.

"Answer in dollars and cents. $225.00.

"Instructions: In determining the value of said land you will not consider the value of any improvements thereon, such as trees, shrubs, and bushes of any domestic kind whatsoever planted by the owner and existing on the strip at the time of condemnation, nor any valuation for a large rock wall, gate, and its fixtures in existence on this strip at the time of condemnation, nor any valuation for any water pipes or sprinkling system laid in that strip and in existence at the time of condemnation.

"Question No. 2: From a preponderance of the evidence, what do you find was the market value of defendants' tract of land, exclusive of the strip of land condemned, immediately before the strip was taken for highway purposes?

"Answer in dollars and cents. $25,000.00.

"Question No. 3: What do you find, from a preponderance of the evidence, was the market value of the remainder of defendants' tract of land immediately after the taking of the strip condemned for highway purposes?

"Answer in dollars and cents. $24,000.00.

"Instructions: In determining the value of said land you will exclude increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by defendants in common with the community generally and not peculiar to them and connected with their ownership, use, and enjoyment of the particular tract of land across which the strip of land has been condemned, but you will take into consideration the uses to which the strip condemned is to be subjected, and take into consideration the severance of the strip of land condemned. However, you will not

consider any loss of valuation to the remaining tract caused by the loss to it of a large rock wall, gate and its fixtures in existence on the strip of land condemned, nor the loss to it of the trees, shrubs, and bushes on the strip of land condemned, nor the loss to it of the water pipes and sprinkling system laid in the strip of land condemned.

"Question No. 4: From a preponderance of the evidence, what do you find to be the cost of reconstruction and re-erection upon the remaining tract of a large rock wall, gate and its fixtures identical in every respect and in every way whatsoever with the large rock wall, gate, and its fixtures in existence on the strip of land condemned at the time of condemnation?

"Answer in dollars and cents. $6,000.00.

"Question No. 5: From a preponderance of the evidence what do you find to be the cost of moving and re-laying in the remaining tract that part of the water sprinkler system in existence and laid in the strip of land condemned?

"Answer in dollars and cents. $30.00.

"Question No. 6: From a preponderance of the evidence, what do you find to be the cost of moving and replanting into the remaining tract all trees, shrubs, and bushes of a domestic type and planted by the owner in existence in the strip of land condemned?

"Answer in dollars and cents. $855.00."

Judgment was rendered in accord with the verdict and the County has appealed.

Appellant presents twelve points in which he contends the judgment should be reversed. Stated generally, appellant contends that the judgment should be reversed because the court submitted in issues 4, 5, and 6 the cost of removing and reconstructing on the land not taken the rock wall, gate and its fixtures, a water sprinkler system and the trees, shrubs and bushes situated on the strip condemned and in instructing the jury that in answering issues 1, 2, and 3, they should not consider the value of the wall, gates, sprinkler system, trees, shrubs and bushes. In State of Texas v. Carpenter, 126 Tex. 604, 620, 89 S.W.2d 194, 979, our Supreme Court held that generally a condemnation case should be submitted as appellant contends this case should have been. The court held that while evidence as to the value of improvement removed from the land condemned and installed on the portion not condemned was admissible, it should ordinarily be considered in connection with issues as to the value of the strip condemned and the change caused by the condemnation in the value of the part not taken. However, the court recognized that in some instances it might not be practical to submit a condemnation case in the manner there suggested and held, in effect, that if a trial court, in the exercise of a sound discretion, found that just compensation from the standpoint of both parties could not be arrived at without directing attention to specific items of damage, that such action was not necessarily erroneous if a double recovery was avoided and undue emphasis was not placed on specific items of damage. The court held that under such circumstances, special issues as to specific items of damage might be submitted.

This case was tried upon the theory that Falbo was to remove the things mentioned from the strip condemned to the remainder of his tract. The trial court was exceedingly careful to instruct the jury that the value of the improvements to be moved, could not be considered in finding the market value of the strip condemned, or in determining the change in value of the land not taken. We think the action of the court comes clearly within the exception mentioned in the Carpenter case and within the decision in State v. Lowrie, Tex.Civ. App., 56 S.W.2d 676. See also Houston Transit Co. v. Felder, Tex.Sup., 208 S. W.2d 880, 883. Although the case was not submitted in the form generally recommended by the Supreme Court, we do not see how appellant could have been injured by the manner in which it was submitted.

We conclude that reversible error is not shown. The judgment is affirmed.