**STATE of Texas, Appellant,**

v.

**C. R. BERNHARDT et ux., Appellees.**

**No. 7186.**

Court of Civil Appeals of Texas.

Texarkana.

March 15, 1960.

W. G. Walley, Jr., Jack R. King, Beaumont, for appellant.

Black & Lindsey, Port Arthur, for appellees.

PER CURIAM.

This is a condemnation case. The judgment of the trial court is affirmed.

The State of Texas acting by and through the Commissioners Court of Jefferson County instituted condemnation proceedings to obtain a 49 x 216.67 foot strip of land to widen an adjacent highway. Judgment for the value of the strip as severed land and for damages to the remainder was awarded the appellees C. R. Bernhardt and wife and the State appeals.

The State's first point of error requires review of the admissibility of evidence. The record shows that while C. R. Bernhardt was a witness the following occurred:

"Q. There has been a lot of talk about a well and you obtaining a bid, that's already in evidence, twelve hundred and twenty-two dollars. Did you obtain this bid, Mr. Bernhardt? A. Yes, sir.

"Q. That's the cost of replacing that well? A. Yes, sir.

"Mr. Walley: Now, Your Honor, we are going to object to any testimony about the cost of replacing a well, as utterly immaterial to any issue.

"The Court: Overrule that objection.

"Mr. Walley: All right.

"Q. You may answer. That reflects that the cost of that well was twelve hundred and twenty-two dollars, the figure on what it would cost to repair that well? A. What would it cost to replace it?

"Q. Yes, sir. A. Well, the bid says that they agree to do it for twelve-twenty-two."

The objection made is inaccurate and too general.

■ Despite admissibility upon the basis hereafter indicated, in the context it was offered, admission was error but the objection made does not furnish a basis for exclusion. To explain what is meant, C. R. Bernhardt's testimony, in context with that objected to, related to and was directed to the value of the severed strip. A bid for digging a well upon the remainder was not relevant to the value of the strip taken and was inadmissible upon that issue but the objection made is not limited and does not bring that or other basis of exclusion to the trial judge's attention. To the contrary it asserts that the evidence is not admissible for any purpose. The objection fails to point out the particular error and is vague and indefinite and is therefore too general. See Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339, and discussion and authorities cited in 1 Texas Law of Evidence (McCormick and Ray) p. 24, Sec. 25.

■ The objection is inaccurate in that the cost of replacing the well on the property not taken is admissible under the full record before the Court. A plant nursery was operated upon the severed tract and operation was to be continued on the remainder. The well was used in and necessary to the operation, according to Bernhardt's testimony. Evidence of the cost of replacement of the well was an element to be considered in assessing the damage to the remainder caused by taking the strip. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 979 (Syb. 3–5) ; State v. Lowrie, Tex.Civ. App., 56 S.W.2d 676; Currie v. Glasscock County, Tex.Civ.App., 212 S.W. 533; City of Denton v. Chastain, Tex.Civ.App., 156 S.W.2d 554; Cook v. Eastland County, Tex.Civ.App., 260 S.W. 881.

■ Previous to the time the objection just discussed occurred the bid had been admitted in evidence over the State's objection in connection with the testimony of an appraiser. Such admission of evidence was not assigned as error in the State's motion for new trial and the State has waived any error in the original admission. Rule 374 Vernon's Annotated Texas Rules of Civil Procedure.

■ The State's second point of error is also concerned with the admission of testimony. In the course of re-direct examination of the appraiser Laird, the following occurred:

"Q. Mr. Laird, did you or not, a while ago, tell us that in your opinion the value of the remainder of the property that was left after the taking, would be diminished by fifteen hundred dollars? A. Well, sir—

"Mr. Walley: If Your Honor please, we are going to object to that. That is the conclusion of the witness, and it invades the province of the jury. He has stated the facts, and the matter of correlating and interpreting those facts is a matter for the jury.

"The Court: Overrule the objection.

"Q. Did you, Mr. Laird? A. Would you restate your question, Earl?

"Q. Did you state a while ago that it is your opinion that after the highway is built and after the property is taken, the balance of the property—the value would be diminished in the sum of fifteen hundred dollars? A. I did; yes, sir.

"Q. That is your considered opinion; that's not a horseback opinion?

"Mr. Walley: Your Honor, please— A. That is a considered opinion.

"Mr. Walley:—my objection goes to all this.

"The Court: Yes, sir. All this."
On direct examination the witness testified as to value of the remaining land before and after severing the strip taken. The statement in Houston & T. C. R. Co.

v. Ellis, 111 Tex. 15, 224 S.W. 471, seems applicable to the question raised:

"His testimony shows that it related to value. It might have been preferable to have had him state his opinion as to the value of the pasture land before the fire and its value afterward, instead of stating the difference between the value before and after; but his answer had the same effect. In substance, it amounted to the same thing."

Also see 19 Tex.Juris. pp. 295, 296, Sec. 189.

The other point of error presented has been examined and is overruled. The judgment of the trial court is affirmed.