STATE of Texas, Appellant,

v.

Mabel Cozart LYNCH et al., Appellees.

No. 4360.

Court of Civil Appeals of Texas.

Waco.

April 29, 1965.

Rehearing Denied May 20, 1965.

Waggoner Carr, Atty. Gen., of Texas, Fred Spence, Asst. Atty. Gen., Austin, for appellant.

Mac L. Bennett, Jr., Normangee, Robert Burroughs, Centerville, for appellees.

TIREY, Justice.

This is a condemnation case (nonjury). The State brought the action to condemn for highway purposes 9.734 acres of land out of tracts totaling 75 acres in Leon County. The Special Commissioners awarded to appellees the sum of $3,048.00 jointly. The State filed its objections to the award, and upon trial in the County Court it awarded to defendants jointly the total sum of $3,170.35, and credited the sum of $3,048.00 awarded by the Special Commissioners on the judgment, and inasmuch as the appellees had withdrawn the sum of $3,048.00 deposited in the registry of the County Court, the Court rendered judgment against the State of Texas in favor of appellees jointly for the sum of $122.35 with interest and costs. The State has appealed. (The State acquired ⅙ undivided interest in the tract before the condemnation suit was instituted, and only a ⅚ undivided interest is involved in this proceeding.)

The judgment is assailed on what the State designates as five points. They are to the effect that the Court erred:

(1–2) In its finding of fact No. 8 that the reasonable cash market value of the ⅚ undivided interest, exclusive of 9.734 acres actually taken, immediately after the taking on November 14, 1963, was $9,329.65, because there is no evidence to support such a finding, and that the evidence is insufficient to support such finding;

(3–4) In rendering judgment in the amount of $3,170.35, because there is no evidence to support the judgment;

(5) That the judgment is excessive in the amount of $460.35.

We overrule each of the foregoing points for reasons hereinafter briefly set out.

At the State's request, the court filed Findings of Fact and Conclusions of Law. We quote the pertinent parts:

"BASED UPON THE AGREEMENTS, UNDERSTANDINGS, AND STIPULATIONS MADE IN OPEN COURT BY THE PARTIES AND FROM THE EVIDENCE ADDUCED I MAKE THE FOLLOWING

"*FINDINGS OF FACT*

"1.

"That within this suit the State of Texas was acquiring 9.734 acres of land out of a 75 acre tract of land in Leon County, Texas.

"2.

"That all prerequisites and preliminary requirements of law have been duly and legally complied with and the only question before the Court was the reasonable cash market value of the ⅝ths undivided interest owned by the Defendants in the 9.734 acres of land actually taken and the decrease in value, if any, of the ⅝ths interest owned by the defendants in the remainder of said tract of land as a result of the taking.

"3.

"That on November 14, 1963, the plaintiff deposited in the registry of the Court the sum of $3,048.00, for the use and benefit of the defendants and that the date of November 14, 1963, was the day of taking.

"4.

"That the defendants, Mabel Cozart Lynch, a widow, William Rhodes Lynch and wife, Mary Lynch, Mayme Lynch Hamilton and husband, Roy S. Hamilton, Edna Lynch McDonald and husband, Floyd E. McDonald, Gertrude L. Brawner and husband, G. J. Brawner, Vernon E. Lynch and wife, Vera Mae Lynch, Gene C. Lynch and wife, Mary Lynch, Mary Ellen Lynch Cauthern and husband, W. E. Cauthern, Herman R. Lynch and wife, Eva Lynch, Lillian Handley Claybourn and husband, Raymond Claybourn and Blanche Handley Walser and husband, Alvin E. Walser are the defendants and own an undivided ⅝ths interest in and to the 75 acres out of which the 9.734 acres was taken and own an undivided ⅝ths interest in and to the 65.266 acres, being the remainder of said 75 acres after such was taken as their interest might appear.

"5.

"That the defendants, as their interest may appear, are entitled to and own, ⅝ths of the reasonable cash market value of the 9.734 acres of land actually taken on November 14, 1963.

"6.

"That the reasonable cash market value of the undivided ⅝ths interest owned by the defendants in the 9.734 acres of land actually taken by the State for Highway purposes on November 14, 1963, considered as severed land, was $1,622.35.

"7.

"That the reasonable cash market value of the ⅝ths undivided interest owned by the defendants in the tract of land, exclusive of the 9.734 acres actually taken, immediately before the taking on November 14, 1963, was $10,877.65.

"8.

"That the reasonable cash market value of the 5/6ths undivided interest owned by the defendants in the tract of land, exclusive of the 9.734 acres actually taken, immediately after the taking on November 14, 1963, was $9,329.65.

"9.

"That the total sum defendants are entitled to recover is $3,170.35 less the sum of $3,048.00, heretofore deposited in the registry of the Court, being in the remaining sum of $122.35.

"BASED UPON THE FOREGOING FINDINGS OF FACT, I MAKE THE FOLLOWING

"*CONCLUSIONS OF LAW*

"1.

"That judgment should be entered that the above named defendants do have and recover of and from the State of Texas the sum of $3,170.35.

"2.

"That said judgment be credited with the sum of $3,048.00 heretofore deposited in the registry of this Court by the State of Texas on November 14, 1963, leaving a balance of $122.35, for which judgment should be rendered against the State and that said $122.35 bear interest from November 14, 1963, at the rate of six (6%) per cent per annum."

This cause is ruled by the pronouncements in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 and 979 (979 being opinion of the Court on motion for rehearing). In the opinion on motion for rehearing, points (3–5), we find this significant statement:

"It is a general rule that improvements situated upon the portion of land taken are to be considered as a part of the realty. They ordinarily have no market value separate from the land. Therefore, when such improvements are taken or destroyed their value can be reflected in the finding as to the value of the land taken, and evidence of their value is admissible for that purpose. As an alternative, however, if the improvements which are situated upon the portion of land taken are essential to the use and enjoyment of the remainder of the land, or if their replacement, by removal or reconstruction, is necessary in order to obviate depreciation in the value of the residue, the cost of removal, and/or reconstruction and/or replacement may be a proper inquiry in connection with the issue of diminished market value of the remainder.

\*    \*    \*    \*    \*    \*

"(7, 8) This opinion must not be construed as attempting to furnish an inflexible rule to be followed in all similar cases."

See also opinion of this court: State of Texas v. Waco Independent School District, Tex.Civ.App., 364 S.W.2d 263 (n. r. e.), and cases there cited.

Going back to appellant's points 1 and 2, which are to the effect that there is no evidence to sustain the Court's finding that the reasonable cash market value of the 5/6 undivided interest, exclusive of the 9.734 acres actually taken, immediately after the taking, was $9,329.65. As we understand the record, it is to the effect that the market value of the land before the taking was $200.00 per acre. Therefore, the value of the entire tract before the taking would be 75 acres times $200.00, which equals $15,000.00. Since the evidence is without dispute that after the taking the market value decreased $20.00 per acre, or the reasonable cash market price was $180.00 per acre; so, the 65.266 remaining acres would be $11,747.880. The price of 65.266 acres at $200.00 per acre equals $13,153.200.

⅛th of the $11,747.880 equals $1,957.98. So, if we take the ⅙th, which is $1,957.98, from the $11,747.88, we have the value of ⅚th equaling $9,789.90, which is a little more than the Court found to be the market value.

Mr. Lynch, one of the owners, testified on cross-examination to the effect that the cost of the construction of the tank on one tract for the purpose of furnishing stock water for the pasture was $302.20, ½ of which was his cost, and that he had another cost of additional fencing, which would amount to some $401.00. It appears from the foregoing that there is evidence to sustain the above finding, and that the State's contention is without merit, and, therefore, the State's position that there is no evidence or insufficient evidence to sustain the finding, is overruled. In addition to the authorities cited, see also Currie v. Glasscock County, 212 S.W. 533 (n. w. h.); City of Denton v. Chastain et ux., Tex.Civ.App., 156 S.W.2d 554, 556 (n. w. h.); Cook v. Eastland County, Tex.Civ.App., 260 S.W. 881; Pillot v. City of Houston, Tex.Civ.App., 51 S.W.2d 794; State of Texas v. Bernhardt, Tex.Civ.App., 334 S.W.2d 203, 205 (n. w. h.). Perhaps it should be pointed out that Mr. Lynch testified to the effect that in order to use successfully the two segregated tracts for stock farming it would be necessary to build a small crib or bin with a pen and loading chute on each tract, and testimony was tendered to the effect that a pen 30' by 30' with loading chute would cost approximately $850.00, and that a 12' by 12' crib would cost approximately $295.00. As we understand the holding of our Supreme Court in the Carpenter case, and State of Texas v. Waco Independent School District, supra, these items were proper for the trial court to take into account in arriving at his finding in this cause. We think the evidence is ample to sustain the judgment of the trial court, and each of appellant's points is overruled, and the judgment of the Trial Court is affirmed.

## On Motion for Rehearing

In the last paragraph of our opinion there is a clause beginning:

" * * * and testimony was tendered to the effect that a pen 30' by 30' with loading chute would cost approximately $850.00, * * *."

The sum of $850.00 is a typographical error and should have been $82.50. Accordingly, the clause is corrected and hereafter it shall read:

" * * * and testimony was tendered to the effect that a pen 30' by 30' with loading chute would cost approximately $82.50, * * *."

■ Since this cause was tried without the aid of a jury it was the duty of the Trial Judge to pass upon the credibility of the witnesses and weight to be given to their testimony, and he could reject the testimony of any witness in whole or in part if he saw fit to do so. See Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345 (Sp.Ct.), points (1–3).

In this cause the State condemned for highway purposes 9.734 acres out of two tracts totaling 75 acres, and the Trial Judge, after hearing the testimony of the witnesses, found that the reasonable cash market value of the ⅚th undivided interest owned by appellees exclusive of the 9.734 acres actually taken, immediately before the taking was $10,877.65; and further found that the reasonable cash market value of the ⅚th undivided interest in question exclusive of the 9.734 acres actually taken, immediately after the taking was $9,329.65. The Court further found that appellees were entitled to recover $3,170.35 less the sum of $3,048.00 formerly deposited into the registry of the Court, leaving a balance due and owing appellees of $122.35, and entered judgment accordingly.

We have again carefully reviewed the entire statement of facts, and we are of the view that the evidence here tendered is

ample to support the judgment entered by the trial court and that such judgment is not against the great weight and preponderance of the evidence under the doctrine announced in Re King's Estate, 150 Tex. 622, 244 S.W.2d 660 (Sp.Ct.).

Being of the foregoing view appellant's motion for rehearing is overruled; also because of the views heretofore expressed, and because appellant's have had an opportunity to present fully their views in oral argument, and having carefully considered appellant's motion for rehearing, and having reviewed the statements of facts, we are of the view that further oral argument would be unnecessary and, accordingly, appellant's motion to present oral argument on motion for rehearing is denied.